STONE *v.* STATE.[*]

(Division A.   Dec. 10, 1928.)

[119 So. 198.   No. 27460.]

---

[*]Corpus Juris-Cyc References: Criminal Law, 16CJ, section 1243, p. 626, n. 80; Seduction, 35Cyc, p. 1358, n. 66; p. 1361, n. 76.

*F. S. McInnis* and *Mize, Mize & Thompson,* for appellant.

*Rufus Creekmore,* Assistant Attorney-General for the state.

Argued orally by *S. C. Mize,* for appellant, and *Rufus Creekmore,* Assistant Attorney-General, for the state.

SMITH, C. J.   This is an appeal from a conviction for seduction under section 1081, Code of 1906 (section 849, Hemingway's 1927 Code), which provides that: "Any person who shall seduce and have illicit connection with any female child under the age of eighteen years, of previous chaste character, shall, upon conviction, be imprisoned in the penitentiary not more than ten years; but the testimony of the female seduced alone shall not be sufficient for conviction."

One of the assignments of error is that the court below should have granted the appellant's request for a directed verdict of not guilty, and this is the only assignment of error we need here specifically notice.

The evidence, in so far as it is necessary to be here stated, is to the effect that Lillie Bangs, the prosecutrix, a female under the age of eighteen years, left her home in Jackson county, Miss., and went with the appellant, J. B. Stone, a married man, and known to her to be such, at his solicitation, according to her testimony, to Mobile, Ala., where she had sexual intercourse with him.   Section 1405, Code of 1906 (section 1221, Hemingway's 1927 Code), provides that: "Where an offense is commenced in this state and consummated out of it, either directly by the accused or by any means or agency procured by or proceeding from him, he may be indicted and tried in the county, in which such offense was commenced or from which such means or agency proceeded."   We will assume, but it will not be necessary for us to decide, that this statute applies.

The prosecutrix testified that the appellant said to her "that he was going to leave and wanted me to leave with

him, he said that he loved me, and his wife didn't love him or any of the children, and he said he knew I loved him and he wanted me to leave with him, he said he was going to leave in a little while and leave his wife, and tell his wife, and go off and not come back; . . . that the Bible said that anything that a man had desire in his heart to let him have it, and he said the desire of his heart was to have me, and he was going to get me. . . . He promised me things and said that he would buy me anything that I wanted—clothes and a car—and go off and stay awhile and get a house to stay in, and after we got to Mobile he would get a divorce from his wife and have me.'' After they arrived at Mobile, and after their first act of sexual intercourse, the appellant told the prosecutrix that he would get a divorce from his wife and marry her. This was the first time that he had mentioned marriage to her. They remained in Mobile several days, and went from there to New Orleans, and there went through a marriage ceremony, the appellant under an assumed name. The prosecutrix then returned to her home, and the appellant was afterward arrested. While under arrest, he said to the officer having him in custody that: ''There is no law that would allow the law to prosecute anybody that was in love with another for anything they have done, after taking the girl out and giving her two or three weeks good time, and all the money and stuff she wanted, and shoes and dresses, and there is no law that would allow a man to be punished for it.'' That ''he bought her dresses and shoes and gave her a good time for two or three weeks, and the Lord would not let the law punish anybody for it.''

The appellant also stated to another witness that he had sexual relations with the prosecutrix while with her in Mobile, and that ''he wanted to marry her to repair the damage that was done and that she was a true, virtuous girl and he loved her and wanted to protect her.''

The corroboration of the prosecutrix here required by the statute is as to three facts: (1) Previous chaste character; (2) the seduction, that is that she yielded her person to the appellant, not because of her own passion, but because of things said and promises made by him to her; and (3) the act of sexual intercourse. There was evidence which we will assume sufficiently discloses that the prosecutrix was of previous chaste character, but the only evidence that remotely corroborates prosecutrix as to the second of these facts is the admission of the appellant that he gave the prosecutrix a good time, and "all the money and stuff she wanted, shoes and dresses;" she having testified that he promised to give her things of that character. This evidence was admissible for that purpose, but it is insufficient of itself alone to constitute corroboration. *Long* v. *State,* 100 Miss. 7, 56 So. 185. The appellant may have made this statement with the consciousness that, in giving the prosecutrix the things therein referred to, he was fulfilling a promise made to her, but the statement may have been made without any such consciousness on his part, and for a wholly different reason. His relations with the prosecutrix during the time she was with him were such that he would naturally spend money on her for purposes wholly foreign to the fulfillment of any prior promise so to do; and "there is nothing in the evidence from which the jury would have been warranted in determining what prompted defendant to make the statement." *Long* v. *State, supra.*

The judgment of the court below will be reversed, and judgment will be rendered here discharging the appellant.

Reversed, and judgment here for the appellant.

*Reversed.*