## IN THE SUPREME COURT OF MISSISSIPPI

### NO. 97-CT-01468-SCT

*ADRIAN CARTER a/k/a ADRIAN Z. CARTER*

*v.*

*STATE OF MISSISSIPPI*

### ON WRIT OF CERTIORARI

DATE OF JUDGMENT: 11/07/1997

TRIAL JUDGE: HON. JOHN M. MONTGOMERY

COURT FROM WHICH APPEALED: CLAY COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT: JIM WAIDE

ATTORNEYS FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL

BY: SCOTT STUART

DISTRICT ATTORNEY: FORREST ALLGOOD

NATURE OF THE CASE: CIVIL - POST CONVICTION RELIEF

DISPOSITION: AFFIRMED - 12/09/1999

MOTION FOR REHEARING FILED: 01/07/2000; denied 1/25/2001

MANDATE ISSUED: 2/1/2001

### EN BANC.

### SMITH, JUSTICE, FOR THE COURT:

¶1. This case comes to this Court on writ of certiorari from the Court of Appeals, which affirmed the circuit court's denial of Adrian Carter's post-conviction relief (PCR) petition which sought to vacate his conviction and sentence for the crime of seduction. Carter, a teacher, was initially indicted for the sexual battery of a minor student under his trust or authority. However, as a result of a plea bargain agreement, Carter pled guilty to a charge of seduction by bill of information and received a sentence of six years in the custody of the Mississippi Department of Corrections.

¶2. Subsequently, Carter filed a petition for post-conviction relief alleging, *inter alia*, that there was no factual basis for his guilty plea and that he had not received effective assistance of counsel. The Circuit Court of Clay County denied the petition, and the Court of Appeals affirmed. Carter's petition for writ of certiorari was granted by this Court.

¶3. After thorough examination and analysis of the issues at bar, we find no merit to Carter's contentions. We therefore affirm the judgment of the Court of Appeals.

### FACTS AND PROCEEDINGS BELOW

¶4. Adrian Carter was employed by Oak Hill Academy in West Point, Mississippi as band director and

baseball coach. During the spring of 1996, a romantic relationship developed between Carter and a former band student, who was then fifteen years old. Eventually, Carter and the minor had sexual intercourse.

¶5. Carter was indicted for sexual battery under Miss. Code Ann § 97-3-95(2)(1994) which criminalizes the sexual penetration of a child between fourteen and eighteen years of age by a person in a position of trust or authority over the child including, among other authority figures, the child's teacher. The sexual battery offense carried a maximum sentence of thirty years. Carter has never denied that he had sexual relations with the minor. He claims that he was not guilty of sexual battery because the child was not his student when the sexual relationship began. Although Carter was a teacher at the school where the child was a student, he claims that he was no longer her band teacher when the two began the sexual relationship.

¶6. As a result of plea bargaining between Carter and the district attorney, the indictment was dismissed, and by bill of information, Carter waived indictment and pled guilty to the crime of seduction of a minor under Miss. Code Ann. § 97-5-21 (1994)(repealed in 1998). These two events occurred simultaneously on the same day. Carter was sentenced to a term of six years in the custody of the Mississippi Department of Corrections.

¶7. Carter subsequently filed a petition for post-conviction relief in which he alleged that there was no factual basis for his guilty plea and that he had not received effective assistance of counsel. The petition was denied by the circuit judge, and the Court of Appeals affirmed that decision. This Court granted Carter's petition for writ of certiorari. We agree with the Court of Appeals. Examination of the record establishes that there are sufficient facts to support Carter's plea of guilty to seduction and that Carter's trial counsel was not ineffective.

## LEGAL ANALYSIS

¶8. On Carter's writ of certiorari we examine Carter's Petition for Post-Conviction Relief to determine, whether Carter received ineffective assistance of counsel and, whether there is a factual basis for Carter's guilty plea to seduction.

## I.

¶9. First, we consider Carter's claim of ineffective assistance of counsel. Carter was originally indicted for sexual battery, but as a result of plea negotiations, that charge was dismissed, and, by bill of information, Carter was re-charged with the crime of seduction. Carter entered a waiver to the bill of information and pled guilty. Carter thus avoided the possible 30-year sentence had he proceeded and been convicted of sexual battery, but instead received a 6-year sentence for seduction per the recommendation of the district attorney.

¶10. Carter claims his attorney was ineffective and failed to investigate his case. In examining whether an attorney provided ineffective assistance to a defendant, we must consider the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). This standard for determining whether a defendant received the effective assistance of counsel was provided by this Court in *Foster v. State*, 687 So.2d 1124, 1129-30 (Miss. 1996). There the Court stated:

> "The benchmark for judging any claim of ineffectiveness [of counsel] must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct.

2052, 2064, 80 L. Ed.2d 674 (1984). The test is two pronged: The defendant must demonstrate that his counsel's performance was deficient, and that the deficiency prejudiced the defense of the case. *Strickland*, 466 U.S. at 687, 104 S.Ct. At 2064; *Washington v. State*, 620 So. 2d 966 (Miss. 1993)." This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Stringer v. State*, 454 So. 2d 468, 477 (Miss. 1984), *citing Strickland v. Washington*, 466 U.S. at 687, 104 S.Ct. At 2064." In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Stringer* at 477, *citing Strickland*, 466 U.S. at 688, 104 S.Ct. At 2065; *State v. Tokman*, 564 So. 2d 1339, 1343 (Miss. 1990).

Judicial scrutiny of counsel's performance must be highly deferential. (Citation omitted). . .A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy." *Stringer* at 477; *Strickland*, 466 U.S. at 689, 104 S.Ct. At 2065. In short, defense counsel is presumed competent. *Johnson v. State*, 476 So. 2d 1195, 1204 (Miss. 1985); *Washington v. State*, 620 So. 2d 966 (Miss. 1993). Then, to determine the second prong of prejudice to the defense, the standard is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' *Mohr v. State*, 584 So. 2d 426, 430 (Miss. 1991). This means a 'probability sufficient to undermine the confidence in the outcome.' *Id*. . . .There is no constitutional right then to errorless counsel. *Cabello v. State*, 524 So. 2d 313, 315 (Miss. 1988); *Mohr v. State*, 584 So. 2d 426, 430 (Miss. 1991) (right to effective counsel does not entitle defendant to have an attorney who makes no mistakes at trial; defendant just has right to have competent counsel). If the post-conviction application fails on either of the *Strickland* prongs, the proceedings end. *Neal v. State*, 525 So. 2d 1279, 1281 (Miss. 1987); *Mohr v. State*, 584 So. 2d 426, (Miss. 1991).

*Foster*, 687 So. 2d at 1129-30.

¶11. A claim of ineffective assistance of counsel will succeed only where this Court, upon examining the totality of the circumstances, finds that there has been both "deficient performance and resulting prejudice from those deficiencies." *Payton v. State*, 708 So. 2d 559, 563 (Miss. 1998). Carter satisfies neither prong.

¶12. Carter fails to show that the performance of his trial counsel was deficient. We note that the Court of Appeals quoted from *Strickland v. Washington*, a case which involved a challenge to a counsel's investigation, as does the case at hand. The Court of Appeals cited with approval *Strickland'*s discussion of counsel's duty to investigate:

strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are

reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Carter v. State*, No. 970CA-01468-COA, slip. op. at 6 (Miss. Ct. App. Dec. 30, 1998) (quoting *Strickland*, 466 U.S. at 690-91, 104 S.Ct. at 2066). Thus, in determining the reasonableness of not making a more extensive investigation of other late-developing factors, counsel's actions or inactions may be "substantially influenced by the defendant's own statements or actions. . . . In particular, what investigation decisions are reasonable depends critically on such information. For example, . . . .when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable." *Id.* at 6 (quoting *Strickland*, 466 U.S. at 690-91, 104 S.Ct. at 2066). Furthermore, there is a presumption that trial counsel is competent and that counsel's conduct is reasonable. [*Lindsay v. State*, 720 So. 2d 182, 184 (Miss. 1998)](#).

¶13. Carter conceded his sexual relations with the student in question. Additionally, the State possessed other relevant facts and evidence which, when considered with Carter's admissions, demonstrate that the State clearly had more than ample evidence to support a conviction as charged. Carter's admissions to these and other facts would have supported his conviction as charged, despite his counsel's doubt about the statute's applicability to Carter who was not the child's actual instructor at the time. The statute under which Carter was indicted, Miss. Code Ann. § 97-3-95(2)(1994), clearly detailed the crime as sexual penetration of a child over age fourteen, but less than eighteen years of age, "if the person is in a position of trust or authority over the child including without limitation the child's teacher." The State had sufficient evidence to satisfy each element required had trial proceeded on the original charge as well as the subsequently amended charge.

¶14. Carter advised his trial counsel, William Bambach, that the witness statements provided to him through the State's discovery were essentially correct. This admission by Carter may have reasonably led to the assumption by trial counsel that an interview of these witnesses would have been of little or no value whatsoever. Equally clear is the potential of other charges of which counsel and Carter were aware that were revealed by the district attorney on the day of trial. The possible indictment for these other charges may have influenced trial counsel in not investigating further. In *Foster v. State*, this Court held that:

> For purposes of ineffectiveness of counsel claim, generally, strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable, and **strategic choices made after less than complete investigation are reasonable precisely to extent that reasonable professional judgments support limitations on investigations;** in other words, counsel has duty to make reasonable investigations or **to make reasonable decision that makes particular investigations unnecessary**.

687 So. 2d. at 1126. The *Foster* Court further held that:

> When there is no showing that interviewing additional witnesses would produce different outcome, post conviction relief petitioner has failed to show that he was denied right to effective assistance of counsel.

*Id.* at 1126. In the case at bar concerning this issue of the other crimes and trial counsel's decision to conduct only a limited investigation thereof, we are unable to distinguish from what occurred in *Foster*. Thus, we cannot fault trial counsel's decision which appears to be reasonable under the circumstances and facts of this case. Even if taken as true, the allegations of other crimes were clearly irrelevant to the validity of Carter's entered plea of guilty to seduction.

¶15. Here, however, we are not engaged in hindsight, but instead are concerned only with what Bambach knew and discussed with Carter at the time the decision was made to plead guilty to seduction rather than to go to trial on sexual battery. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066. Thus, we evaluate Bambach's conduct as of the time he advised Carter of Carter's situation as Bambach preceived it based on the known facts of this case.

¶16. We know from the record that Carter and Bambach clearly evaluated and weighed the known risks to which Carter would have been subjected had he proceeded to trial on sexual battery. We know from the facts adduced into evidence that Carter made the decision to plea bargain to seduction primarily because he had admitted the allegations to his counsel and hoped to receive a recommended six years in prison rather than the possibility of thirty years maximum under sexual battery. Bambach simply advised his client based upon his perceptions of his client's situation and Carter's admissions to the charges.

¶17. Again, Carter must satisfy both prongs of *Strickland* to prove ineffective assistance of counsel. *Lindsay* at 183. Specifically, Carter must prove that, under the totality of the circumstances, prejudice resulted from a deficiency in counsel's performance. *Earley v. State*, 595 So. 2d 430, 433 (Miss. 1992). Carter cannot satisfy either prong of *Strickland*, especially the prejudice factor. In fact, given the factual situation at hand, had the State proceeded on the original charge, the outcome could likely have resulted in Carter being convicted of sexual battery and possibly sentenced to thirty years instead of the six years he actually received by the plea bargain. We cannot say that Bambach's advice was not sound legal advice, considering the circumstances. Certainly, trial counsel did not offer ineffective assistance to Carter.

¶18. Applying Miss. Code Ann § 97-29-3 (1994), Carter is under the mistaken impression that the maximum sentence that he could have legally received under the original sexual battery charge was six months. Therefore, he now argues that Bambach was ineffective and incompetent in advising Carter to plead guilty to seduction to avoid a penalty of 30 years. Carter could have been originally indicted under § 97-3-95 (2)(1994), the sexual battery statute, or § 97-29-3(1994) concerning a teacher having sexual relations with a student where the maximum penalty is six months in jail and/or a $500.00 fine. The State, however, elected to indict Carter under the sexual battery statute, thus the potential maximum sentence of 30 years is mandated by § 97-3-101(1994 & Supp. 1999), rather than six months as argued by Carter's. Carter's claim that Bambach allowed him to be sentenced under the incorrect statute is in error. Here, the State clearly set out the applicable statute under which it was proceeding, Miss. Code Ann. § 97-3-95(2). Carter erroneously maintains that the State should have proceeded under § 97-29-3 as such was the only applicable statute under which Carter could have been indicted. Detailing the specific statute under which it was proceeding was all that the State was required to do. *Beckham v. State*, 556 So. 2d 342, 343 (Miss. 1990). Although Carter makes much ado about the penalty statute not being in the indictment, this is not necessary. The penalty statute for sexual battery under § 97-3-95(2) is clearly set out in § 97-3-101,

allowing a maximum of thirty years imprisonment upon conviction.

¶19. A more complete examination of the record is helpful in further analyzing this issue. First, we consider trial counsel Bambach's analysis of Carter's position and Bambach's trial strategy. Bambach fully explained to Carter his situation, as Bambach perceived it, in order that Carter could make an informed decision about pleading guilty to seduction or proceeding to trial on the sexual battery charge. Bambach was also concerned that the issue of a teacher having sexual relations with a student was one of first impression regarding the question of whether it is essential that the teacher actually teach that particular student at the time the sexual relations occurred.

¶20. The district attorney, on the other hand, was convinced that he could prevail with a conviction that would withstand appeal because, in his view, if the individual was a teacher in the school where the child was a student, of necessity, that teacher had authority over the child and was in a trust relationship with the child to the extent that any sexual relationship which occurred between them could be prosecuted under the sexual battery statute.

¶21. Carter's trial counsel, although convinced that Miss. Code Ann. § 97-3-95 (1994) was not applicable to Carter's situation as a former teacher of the victim herein, nevertheless, was equally concerned that Carter might get convicted and subjected possibly to a thirty-year sentence. More importantly, he also knew the issue would be one of first impression for this Court. Carter faults Bambach for his failure to discover other crimes with which Carter might have been charged. As noted, even if true, such other crimes are irrelevant here. Carter admitted to sufficient facts to allow his conviction of sexual battery had be proceeded to trial as charged originally. In spite of his attorney's doubt about the applicability of the statute, such doubt could not have any impact upon the State's ability to convict him based upon the more than sufficient evidence it possessed.

¶22. In considering Miss. Code Ann. § 97-3-95(2)(1994) and its applicability to these facts had the State proceeded to trial, we agree with the Court of Appeals. That court stated, "We find that a teacher in a school that a child of that age attends, has 'a position of trust or authority over the child' sufficient to fit within the meaning of the statute. There is nothing in the statute that would limit the meaning to a student who is in a specific class of the teacher. Teachers, administrators, and others in a position of authority in a school have a duty under the criminal statutes to avoid sexual relations with students in that school. The duty does not depend on the class roster of students but on the status of authority figures." *Carter*, slip op. at 6-7. We find that Carter's situation could have been prosecuted under § 97-3-95(2) and that Carter could have received a maximum of thirty years imprisonment if convicted.

¶23. We also note that, of necessity, we must examine both the plea colloquy as well as the PCR hearing testimony in order to consider the "totality of the circumstances" in this record, and thus be ultimately able to ascertain whether Carter had effective counsel and whether there was a factual basis for his plea of guilty to seduction. Carter, during the plea colloquy, advised the trial judge that he had fully discussed all the facts and circumstances surrounding his case with his attorney. The testimony at the PCR hearing is essential, not only for the purpose of fleshing out the details, but also to aid this Court in determining whether a sufficient factual basis existed for Carter's plea of guilt of the crime of seduction. During the PCR hearing, referring to the plea colloquy, when questioned as to whether he and Bambach discussed the best option available to him and whether he understood the charge, Carter was asked, "Has he explained to you and do you fully the [sic] understand the nature of the charge against you?" Carter responded, "Yes, sir. . . I understand the

nature of it, yes. . . Yes, I understood." The district attorney asked finally, "So you understood the charge?" Carter responded, "Yes, sir." Carter also admitted at the PCR hearing that, "plea bargaining was my only option. It was the only intelligent option I had at the time."

¶24. Bambach testified that the decision to plead guilty was solely Carter's, after full discussion by both of them of all the factors in this case, as well as discussions about the possibility of other charges involving this same child, plus charges involving another child being brought against Carter. Bambach investigated this information with the district attorney, the district attorney's investigator, and the Sheriff. Carter admitted to all allegations, yet Bambach still investigated this case and fully advised Carter concerning the crimes with which he was charged.

¶25. This Court has held that the failure of the trial court to advise the defendant of the elements of the charge may be harmless error if it can be shown that prior to the plea the defendant had been advised through other sources of the critical elements of the crime with which he is charged. *Gaskin v. State*, 618 So. 2d 103, 197 (Miss. 1993). Here, without question, Carter, under oath, told the trial judge that he had discussed the situation with Bambach, that Bambach had advised him fully, and that he "understood the charge." Thus, because Carter was advised from another source, his counsel, any error regarding this sub issue of ineffective assistance is harmless.

¶26. Carter's PCR application fails on both prongs of *Strickland*, thus the proceedings end. *Mohr v. State*, 584 So. 2d 426, 430 (Miss. 1991). Carter's trial counsel may have made mistakes, however, that does not warrant a finding of ineffective assistance of counsel, where counsel is clearly competent and fully advised Carter of his situation and the appropriate law. We cannot fault Bambach for obvious trial strategy, as well as what appears to be sound judgment in advising Carter about a plea to seduction rather than have Carter risk a possible thirty year sentence if he had proceeded to trial and been convicted of sexual battery. Besides, Carter made the decision, not Bambach. There is no merit to any of Carter's claims of ineffective assistance of counsel.

## II.

¶27. Next, we consider Carter's claims that there are no facts to support the plea to seduction. He admitted having sexual relations with the child on several occasions. Carter shed further light on the crime of seduction by admitting taking the child to movies, giving her an emerald and diamond ring, and talking to her about marriage. The district attorney had possession of and had read the child's diary, which he believed supported seduction by Carter. He testified he believed a sufficient showing of seduction could be established by the giving of the gifts and promises that Carter made to her over a period of time. The State also had evidence from other students that Carter had called for the child from her study hall when she was no longer a student in his band class. Other students had seen the child sitting on Carter's lap, kissing each other in his office. Carter's trial counsel, Bambach, testified that Carter had admitted to him that on one occasion that he took the child behind the band building at school and had sexual intercourse. Carter also admitted two sexual encounters to Bambach that he had failed to admit to authorities. The child was 15 years of age and of previous chaste character, certain promises were made to her, and Carter, who was 24 years old, had sexual relations with her. Seduction means to entice to have sexual intercourse "by means of persuasion, promises, bribes or other means without employment of force." Black's Law Dictionary at 1358 (6th ed. 1991). The State possessed sufficient evidence to have proved its charge of seduction against Carter.

¶28. Was there a basis in the plea colloquy to support a finding that Carter's "conduct was within the ambit of that defined as criminal?" The answer to that question is yes. In *Lott v. State*, 597 So. 2d 627 (Miss. 1992), in affirming the trial court's denial of a motion to vacate sentence because of a supposed lack of a factual basis in the plea, this Court recognized that "a factual basis is an 'essential part of the constitutionally valid and enforceable decision to plead guilty.'" *Id.* at 628 (quoting *Reynolds v. State,* 521 So. 2d 914 (Miss. 1988)). The *Lott* Court stated that "there must be an evidentiary foundation in the record which is 'sufficiently specific to allow the court to determine that **the defendant's conduct was within the ambit of that defined as criminal.'"***Lott** at 628 (quoting *United States v. Oberski*, 734 F.2d 1030, 1031 (5th Cir. 1984)) (emphasis added). In *Lott*, there was insufficient proof in the record in the plea colloquy of admission of malice, which was necessary to support the murder conviction. Nevertheless, this Court affirmed because Lott's "conduct was within the ambit of that defined as criminal." *Lott* at 628. The case at bar, as in *Lott,* allows this Court to determine that Carter's conduct here was within the "ambit of that defined as criminal." *Id.*

¶29. In *Templeton v. State*, 725 So. 2d 764 (Miss. 1998), this Court, in finding that a factual basis for a guilty plea may be established by the actual admission by the defendant, stated, "Admission of guilt is not a constitutional requisite of an enforceable plea." *Id.* at 766. The Court has also held that, "A factual showing does not fail merely because it does not flesh out the details which might be brought forth at trial. Fair inference favorable to guilt may facilitate the finding." *Corley v. State*, 585 So. 2d 765, 767 (Miss. 1991). In the case at bar, considering the plea colloquy along with the totality of the testimony in the PCR hearing of evidence the State in fact did possess regarding the charge against Carter, a "fair inference favorable to guilt" clearly facilitates the finding that the elements of the charge of seduction were satisfied. This Court has also held that, in some cases, the charging papers may be sufficient to inform the defendant of the elements of the crime with which he is charged. *Gaskin*, 618 So. 2d at 197. Carter was properly informed by the original indictment and the subsequent bill of information. Additionally, he was separately and adequately informed by his trial counsel, Bambach. We also note that a guilty plea operates to waive the defendant's right to require the prosecution to prove each element of the offense beyond a reasonable doubt. *Jefferson v. State*, 556 So. 2d 1016, 1019 (Miss. 1989). The ultimate question is whether there are sufficient facts to support the basis for a plea of guilty to the crime of seduction. We find that from evaluation of the totality of the circumstances in the record, there is sufficient support that the elements of the crime of seduction were satisfied. *See Payton*, 708 So. 2d at 563.

## CONCLUSION

¶30. In considering whether Carter's plea has a sufficient factual basis and whether he received effective assistance of counsel, we must consider both the plea colloquy and the PCR hearing testimony, as clearly we must consider the "totality of the circumstances" from the record in making such determination. Carter's guilty plea operates to waive his right to require the State to prove each and every element of the offense of seduction beyond a reasonable doubt. One can easily determine from Carter's plea colloquy, that although it does not "flesh out all the details," nevertheless, it is sufficient to allow this Court to determine that Carter's conduct was "within the ambit of that defined as criminal." *Lott* at 628. Carter was fully informed by his trial counsel and understood the nature of the charge against him. Carter knew he was facing 30 years if convicted of sexual battery. He opted instead for 6 years on conviction of seduction. As Carter put it, he had no other option. He was guilty, but he did not want to serve a possible 30-year sentence. Carter fails to satisfy both prongs of the *Strickland* standard. Carter is only entitled to competent counsel, not errorless counsel. *Cabello v. State*, 524 So. 2d 313, 315 (Miss. 1988).

¶31. We find that there is a factual basis for Carter's plea of guilty and that Carter in fact received effective assistance of counsel. We therefore agree with the Court of Appeals in affirming the judgment of the circuit court. We require Carter to adhere to the plea and sentence that he wanted, actively sought from the district attorney, and ultimately received from the learned trial judge. The judgment of the Court of Appeals is affirmed.

¶32. **AFFIRMED.**

> **MILLS, WALLER AND COBB, JJ., CONCUR. PITTMAN, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J., BANKS AND McRAE, JJ. PRATHER, C.J., NOT PARTICIPATING.**
>
> **PITTMAN, PRESIDING JUSTICE, DISSENTING:**

¶33. The majority discovers a factual basis for the guilty plea when no such basis existed in the record at the time of the plea. Because there was no factual basis for the plea, Carter's motion for post-conviction relief should be granted and his conviction and sentence should be vacated.

¶34. Adrian Carter was indicted for the sexual battery of a minor under his trust or authority. He pled guilty to a lesser charge of seduction and received a sentence of six years in the custody of the Mississippi Department of Corrections. Subsequently, he filed a petition for postconviction relief alleging that there was no factual basis for his guilty plea and that he had not received the effective assistance of counsel.

¶35. A factual basis for the charged crime is an "essential part of the constitutionally valid and enforceable decision to plead guilty." *Reynolds v. State*, 521 So.2d 914, 915 (Miss.1988). Additionally, Mississippi Uniform Circuit and County Court Rule 8.04(3) requires the trial court to determine that a proposed guilty plea is voluntarily and intelligently made and that there is a factual basis for the plea before the trial court may accept the plea. The rule requires that the trial court have before it "substantial evidence that the accused did commit the legally defined offense to which he is offering the plea." *Corley v. State,* 585 So.2d 765, 767 (Miss.1991). Each essential element of the offense must be supported by a factual basis. *Id. See also United States v. Smith*, 160 F.3d 117, 123 (2d Cir.1998); *United States v. Briggs*, 930 F.2d 222, 228 (5th Cir.1991). The factual basis for the charged crime may not be implied from the simple fact that the defendant entered a plea of guilty. *Lott v. State*, 597 So.2d 627, 628 (Miss.1992). In addition to an admission by the defendant, there must also be "an independent evidentiary suggestion of guilt." *Reynolds v. State*, 521 So.2d at 917. The purpose of the factual basis prerequisite is to require the trial court to delve beyond the admission of guilt and make its own determination that there is substantial evidence that the pleader did in fact commit the crime he is charged with and is not pleading guilty for any other objectionable reason. *Gaskin v. State*, 618 So.2d 103, 106 (Miss.1993). Finally, the record at the time of the guilty plea must provide the factual basis. *Gaskin v. State*, 618 So.2d at 106; *Lott v. State,* 597 So.2d at 628; *Corley v. State*, 585 So.2d at 768.

¶36. On January 30, 1998, Carter pled guilty to the charge of seduction under Miss. Code Ann. § 97-5-21 (1994). That statute, which has since been repealed, made it a crime to "seduce and have illicit connection with any child younger than [the defendant] and under the age of eighteen (18) years, and which child is of previously chaste character." The term "seduce" has seldom been interpreted by this Court. Seduction has

been defined as "an enticement of [the victim by the perpetrator] to the surrender of her chastity by means of some art, influence, promise, or deception, calculated to accomplish that object...." ***King v. State***, 121 Miss. 230, 83 So. 164, 165 (1919)(quoting ***Carlisle v. State***, 73 Miss. 274, 19 So. 207 (1896) (overruled on other grounds)). The Court has also held that in order to prove seduction, the State must show that the victim "yielded . . . not because of her own passion, but because of things said and promises made by him to her." ***Stone v. State***, 152 Miss. 274, 119 So. 198 (1928).

¶37. Before the trial court could have found a factual basis for the crime of seduction, there must have been substantial evidence that Carter had sex with the victim, who was then of previously chaste character and under the age of eighteen, and that he enticed her to have sex with him by some "art, influence, promise, or deception." The proposed evidence before the trial court at the plea hearing completely fails to make that showing. The factual allegations at the plea hearing indicated only that Carter had sex with the student. The State offered no proof at the guilty plea hearing that Carter had enticed the alleged victim to have a sexual relationship with him in any manner.

¶38. In his petition to enter a plea of guilty Carter stated as his involvement in the crime of seduction that "I did have sex with [the minor] prior to her sixteenth birthday." In the plea colloquy, the court instructed Carter to tell what happened in his own words "so the court can make sure that what you have done constitutes a crime." In reply, Carter stated "On June 8, 1995, [the minor] and I did engage in, uh, sex." The court also asked the district attorney what the State's proof would be at trial. The district attorney made the following statement:

> If your Honor please, the State's proof would show that during the time-frame alleged in the indictment, this defendant was the band director at Oak Hill Academy here in West Point, Mississippi. One of his pupils was a girl by the name of [the minor], who I think was 14 at the time. Uh, there subsequently, over a period of time, grew to be a relationship between this defendant and that girl, which resulted in a sexual liaison. There was acts of intercourse, she being of previous chaste character before this event occurred.

Carter's attorney then stated that the girl was fifteen at the time instead of fourteen and that she was no longer in the band at the time of the occurrence. Carter then agreed with the facts as stated by the district attorney.

¶39. Nowhere in the petition to enter a plea of guilty, in the recitation the factual background in the plea colloquy, or anywhere else in the record which was before the trial court at the time of the plea is there any mention or reference to any act of seduction. Nothing in the record before the trial court at the time of the plea showed any enticement by the use of arts, influence, promises, or deception or any other means by Carter to persuade the minor to have sex with him. The prosecutor's presentation of what the State's case would show is a discussion of the proof necessary on the original charge of sexual battery of a minor by a person in a position of trust or authority. Carter admitted only that he had sex with a fifteen-year-old girl. Carter did not admit, and the district attorney did not state in the proffer of what the State's case would show, that Carter had done anything which amounted to seduction of the minor. For that reason, there was no factual basis before the trial court for the element of seduction.

¶40. The majority apparently concedes that the facts before the trial court did not support the seduction charge. In contradiction of longstanding law that the factual basis must be in the record at the time of the plea, the majority relies on purported evidence presented at the hearing on Carter's post-conviction relief

motion. None of the evidence about a ring or other gifts, trips to movies, discussions about marriage, or any supposed promises was before the trial court before the post-conviction relief motion hearing, and thus cannot provide the factual basis to support this plea. Even if those supposed facts had been presented before the plea was accepted, they would still fall short of showing a factual basis for a violation of the seduction statute. The majority does not show any connection between the supposed promises and gifts and the sexual relationship. The alleged promises and gifts could not amount to enticement for criminal seduction purposes unless they were made with the intent of inducing the minor to have sex with him. There is still nothing in the record which could reasonably lead to that conclusion. The only evidence was that Carter and the minor had engaged in sexual intercourse and that the minor was fifteen years old at the time.

¶41. The majority attempts to get around the absence of a factual basis for the seduction charge by claiming that Carter's actions were "conduct within the ambit of that defined as criminal." *Lott v. State*, 597 So.2d at 628. That argument is unavailing. In the plea colloquy in *Lott*, the defendant admitted that he threw the victim down a flight of stairs and that he had severely beat the deceased with a gun and with his fists. Lott admitted that he had beat the victim until he had stopped moving. He also admitted, though somewhat ambiguously, that he continued beating the victim after the victim quit defending himself and thus disclaimed self-defense. Clearly the savage beating administered by Lott was within the realm of criminal conduct. The facts before the trial court in the case at hand showed only that Carter had sex with the minor. At the time of the offense, the minor was over the age of consent. There was no indication that the relationship was nonconsensual. Although Carter's conduct may be morally reprehensible, having consensual sex with a girl over the age of consent is not "conduct within the ambit of that defined as criminal." Simply put, what Carter admitted did not amount to a crime.

¶42. The majority also relies on *Templeton v. State*, 725 So.2d 764 (Miss.1998) for the proposition that the factual basis for the plea may be established by the admission by the defendant. This is undoubtedly true if the factual allegations contained in the admission constitute a crime. Otherwise, as stated above, there must be an independent evidentiary suggestion of guilt. *Reynolds v. State*, 521 So.2d at 917. The mere fact that a defendant says "guilty" in response to the judge's questioning cannot provide the factual basis for the plea without further evidentiary support. *Lott* at 628 ("this factual basis cannot simply be implied from the fact that the defendant entered a plea of guilty").

¶43. Obviously, Carter had no business becoming involved in a sexual relationship with a fifteen-year-old girl. But his reprehensible conduct was not necessarily criminal within the meaning of the applicable criminal seduction statute. The guilty plea should not have been entered absent a factual basis to support the crime of seduction. Because the record before the trial court at the time of the guilty plea utterly fails to show a factual basis upon which the State could convict Carter of the charge of seduction, I respectfully dissent.

**SULLIVAN, P.J., BANKS AND McRAE, JJ., JOIN THIS OPINION.**