# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 94-KP-00351-SCT

*DAVID WAYNE PALMER*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/04/94 |
| TRIAL JUDGE: | HON. WILLIAM F. COLEMAN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| DISTRICT ATTORNEY: | EDWARD J. PETERS |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 9/18/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/9/97 |

**BEFORE SULLIVAN, P.J., PITTMAN AND BANKS, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

David Wayne Palmer, petitioner, appeals a decision by the Circuit Court of Hinds County denying his petition for post conviction relief. We affirm. Palmer cites the following issues as the basis for his petition for relief:

## ISSUE I

**WHETHER THE COURT ERRED IN DENYING THE PETITIONER'S MOTION FOR POST CONVICTION RELIEF AND FINDING THAT THE PETITIONER'S CONSTITUTIONAL RIGHTS WERE NOT VIOLATED.**

## ISSUE II

## WHETHER THE TRIAL COURT ERRED IN DENYING PETITIONER'S MOTION FOR POST CONVICTION RELIEF WHICH ALLEGED INEFFECTIVE ASSISTANCE OF COUNSEL.

Palmer claims that his petition for post conviction relief should have been granted because he was not informed as to the minimum and maximum penalties he faced regarding the charge of armed robbery. *Vittitoe v. State*, 556 So. 2d 1062 (Miss. 1990). He further contends the record does not reflect that he was informed of the elements of the offense to which he pled.

The record indicates that Palmer voluntarily and intelligently entered two petitions of guilt to the crimes charged. Those petitions set forth the elements of the crime of armed robbery. Palmer acknowledged during the plea colloquy that he had gone over the petition with his lawyer, that he understood what was in it, that he knew when he signed the petition that he was signing it under oath and that everything in it was true and correct. Moreover, he also acknowledged during the colloquy that his lawyer had explained the elements of the crime to him. Thus his claim that he was not informed of the elements of the offenses charged has no merit. *Gaskin v. State*, 618 So. 2d 103, 107 (Miss. 1993).

While the record does not disclose whether the minimum sentence for armed robbery was explained to Palmer and although the minimum blank was not filled in on the petition, we find any failure harmless under the circumstances of this case because the petition described the maximum punishment as life if sentenced by a jury and a term of years if sentenced by the court. *Banana v. State*, 635 So. 2d 851 (Miss. 1994). The petition also informed Palmer that he would be ineligible for parole if he was sentenced as an habitual offender and of the special parole provisions for armed robbery sentences. Finally, the petition also explained the plea bargain arrangement. Palmer was indicted on four counts of armed robbery and four counts of assault as an habitual offender. Pursuant to the plea bargain agreement, he received as sentence, a total of fourteen years to serve (with fifty-six years suspended) on two counts of armed robbery as a non-habitual to run concurrently with ten years for armed robbery out of another county. We can say beyond a reasonable doubt that the minimum mandatory three years for armed robbery played no role in the decision to plead guilty. *Nelson v. State*, 626 So. 2d 121, 126 (Miss. 1993).

Petitioner also claims that his motion for relief should have been granted because his legal counsel was deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668 (1984). Palmer's claim is without merit as the record indicates that Palmer was properly advised by his attorney. Furthermore, the record shows that the trial judge inquired as to Palmer's satisfaction with his legal representation and no objection was offered by the petitioner.

For the foregoing reasons the judgment of the circuit court is affirmed.

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**