# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1998-CA-01117-SCT

*JAMES EMANUEL GAZZIER*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/26/1998 |
| TRIAL JUDGE: | HON. ROBERT H. WALKER |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | W. F. HOLDER, II |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEWITT T. ALLRED, III |
| DISTRICT ATTORNEY: | CONO CARANNA |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 08/19/1999 |
| MOTION FOR REHEARING FILED: | 09/17/99; denied 11/04/99 |
| MANDATE ISSUED: | 11/12/99 |

**EN BANC.**

**PRATHER, CHIEF JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. On February 11, 1994, James Emanuel Gazzier ("Gazzier") was indicted for the capital rape of a thirteen-year-old girl. On February 21, 1995, Gazzier pled guilty to a reduced charge of sexual battery pursuant to a plea bargain, and he was sentenced to twenty-five (25) years in prison, with five (5) years of the sentence suspended. On May 31, 1995, Gazzier filed a motion for post-conviction relief, asserting that his guilty plea had not been knowingly and voluntarily entered into, partly as a result of ineffective assistance of counsel. On November 20, 1995, the Circuit Judge returned

the PCR motion to Gazzier with instructions to correct certain specified deficiencies in the motion. Gazzier submitted an amended PCR motion on March 20, 1997, and this motion was denied on January 26, 1998. Gazzier timely appealed to this Court.

## ISSUES

**I. The attorney representing appellant in his post conviction motion was ineffective as to deprive appellant of basic due process and constitutional safeguards.**

**II. The plea of guilty by appellant to the crime of sexual battery was not voluntarily and intelligently made because appellant was not adequately informed of the elements of the offense.**

¶2. The present appeal is concerned with the issue of whether Gazzier was properly denied an evidentiary hearing with regard to the issues raised in his motion for post-conviction relief. It is apparent, however, that Gazzier's primary argument on appeal relates to an issue which he failed to raise in his PCR motion at the trial court below.

¶3. Specifically, Gazzier argues in his brief before this Court that his guilty plea was not knowingly and voluntarily entered into due to the fact that he was, allegedly, not informed of the elements of the sexual battery charge to which he pled guilty. The elements of the offense of sexual battery are (1) sexual penetration (2) of a child under the age of fourteen. See Miss. Code Ann. § 97-3-95(1)(c)(1994)(then applicable statute). It is well established that, in order for a guilty plea to be considered knowing and voluntary, the defendant must know the elements of the charge against him. *Wilson v. State*, 577 So.2d 394, 397 (Miss. 1991). See also *Henderson v. Morgan*, 426 U.S. 637 (1976).

¶4. The State concedes that there is no direct evidence in the record that Gazzier was informed of the elements of sexual battery, but the State argues that it can be inferred from the record that Gazzier nevertheless knew the elements of the offense. A review of the record reveals that there was, initially, considerable confusion among the legal professionals at the guilty plea hearing as to whether penetration was, in fact, an element of a sexual battery charge. The record contains the following exchange between the prosecutor and the trial judge:

Mr. Martin: Your Honor, the defendant stated the facts into the record as to the crime which occurred and he said that he attempted to penetrate. The State's proof would show that he, in fact, did penetrate her. I don't know if there is a

distinction between the crime. I think there is a distinction between the crime of attempted sexual battery and sexual battery. I think in sexual battery it has to be some kind of penetration.

The Court: I think if it's under 14-years old, I don't think actual penetration has to be made, but look at sexual battery. I don't think so. Do you want to go look at the statute ?

Mr. Martin: Yes, sir, if I may.

The Court: Mr. Gazzier - - y'all approach the bench just a minute.

The record next contains the notation "bench conference not reported," but it is clear that the conference was held in order to review the sexual battery statute.

¶5. Given that the record indicates that the trial judge called Gazzier to a bench conference for the specific purpose of reviewing the sexual battery statute, the most reasonable inference which can be drawn from the record is that the statute was, in fact, consulted and the true elements of the sexual battery charge were made known to Gazzier. It should be noted once again that a procedural bar applies to the present issue, and this Court will, in general, refuse to entertain arguments which were not presented at the trial court level. We accordingly conclude that this point of error is both procedurally barred and without merit.

¶6. Gazzier also argues that his counsel was ineffective in failing to inform him of the elements of the sexual battery charge to which he pled guilty. This Court noted in *Robertson v. State*, 669 So.2d 11 (Miss. 1996), that, in order to be entitled to an evidentiary hearing on a motion for ineffective counsel, a defendant must do more than make mere allegations in his PCR motion that his counsel was defective. This Court stated in *Robertson* that:

> A post-conviction claim of ineffective assistance of counsel is properly dismissed without the benefit of an evidentiary hearing if it is manifestly without merit. *Sanders v. State*, 440 So.2d 278, 284 (Miss. 1983). Such is the case where the defendant fails to allege with "specificity and detail" that his counsel's performance was deficient and prejudicial to his defense.

*Robertson*, 669 So.2d at 13 (citations omitted). Gazzier himself acknowledges that his PCR motion did not contain any specific and detailed allegations that his counsel's performance was defective, and we accordingly conclude that his ineffective assistance of counsel argument is without merit.

**III. The trial court erred in accepting the guilty plea of appellant without satisfying its duty to address the appellant personally to inquire and determine that the appellant understood the nature and consequence of the plea.**

¶7. Gazzier next argues that the trial judge should not have accepted his guilty plea in light of the fact that he only admitted to *attempting* to penetrate the victim, while a sexual battery charge requires actual penetration.[1] Gazzier notes that [Uniform Circuit and County Court Rule 8.04(A)(3)](#) requires that a court determine that "there is a factual basis for the plea." The State correctly notes, however, that the law does not require that a defendant admit every aspect of a charge against him. Instead, a guilty plea will be considered valid even though the defendant makes only a "bare admission of guilt." ***Gaskin v. State***, 618 So.2d 103, 106 (Miss. 1993), see also ***Lott v. State***, 597 So.2d 627 (Miss. 1992). In the view of this Court, Gazzier's statement at his guilty plea hearing that he had "attempted" to penetrate a thirteen-year-old girl constitutes a "bare admission of guilt" as set forth in ***Gaskin***.

¶8. Further, the prosecutor represented to the trial judge that the victim would testify that Gazzier had, in fact, successfully penetrated her. The State notes that the "victim's testimony regarding the occurrence of sexual battery, even in the absence of corroborating physical evidence, is legally sufficient to sustain a conviction for sexual battery." See ***Sanders v. State***, 586 So.2d 792, 794 (Miss. 1991). Finally, Gazzier's own counsel represented to the trial judge at the guilty plea hearing that Gazzier did not contest the "essence" of the sexual battery charge against him, and Gazzier indicated that he agreed with his counsel's statement in this regard. This point of error is without merit, and the judgment of the trial court is affirmed.

¶9. **AFFIRMED.**

**SMITH AND MILLS, JJ., CONCUR. BANKS, WALLER AND COBB, JJ., CONCUR IN RESULT ONLY. BANKS, J., CONCURS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY PITTMAN, P.J., AND WALLER, J. SULLIVAN, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY McRAE, J.**

BANKS, JUSTICE, CONCURRING IN PART:

¶10. I concur with the result reached by the majority but not its rationale. The question of the adequacy vel non of Gazzier's apprisal of the elements of the offense charged was not raised before the trial court in the post-conviction relief petition. Accordingly,

it should not be reached here. If we were to reach the merits of this issue, I agree with Presiding Justice Sullivan's apt analysis.

**PITTMAN, P.J., AND WALLER, J., JOIN THIS OPINION.**

**SULLIVAN, PRESIDING JUSTICE, DISSENTING:**

¶11. For a guilty plea to be valid, the defendant must be instructed on the elements of the charge against him. *Gilliard v. State*, 462 So. 2d 710, 712 (Miss. 1985). The majority concedes this point, but goes on to assume that Gazzier was informed of the elements of sexual battery based upon a silent record. I disagree with the majority's conclusion and therefore respectfully dissent.

¶12. Rule 8.04 of the Uniform Rules of Circuit and County Court Practice, replacing Rule 3.03 of the Mississippi Uniform Criminal Rules of Circuit Court, states in pertinent part:

> *Voluntariness*. Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements. **A showing that the plea of guilty was voluntarily and intelligently made must appear in the record.**

URCCC 8.04 (emphasis added). We have stated:

> In order to meet constitutional standards, a guilty plea must be freely and voluntarily entered. **It is essential that an accused have knowledge of the critical elements of the charge against him**, that he fully understand the charge, how it involves him, the effects of a guilty plea to the charge, and what might happen to him in the sentencing phase as a result of having entered the plea of guilty.

*Gilliard*, 462 So. 2d at 712 (*citing Henderson v. Morgan*, 426 U.S. 637 (1976)) (emphasis added).

> *Gilliard* is clear on the point that the defendant must be apprised of the elements of the offense that he is pleading guilty to. *Id*. Knowledge of the elements is obviously a prerequisite to an intelligent assessment by the defendant of: 1)

whether he has in fact done anything wrong under the law, and 2) the likelihood that he stands to be convicted if he exercises his right to a jury trial. . . .

*Gaskin v. State*, 618 So. 2d 103, 107 (Miss. 1993).

**A plea is voluntary if the defendant knows what the elements are in the charge against him**, including an understanding of the charge and its relation to him, the effect of the plea, and the possible sentence. *Schmitt v. State*, 560 So.2d 148, 153 (Miss.1990). **Further, a complete record should be made of the plea proceeding to ensure that the defendant's plea was entered voluntarily**. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

*Taylor v. State*, 682 So. 2d 359, 362 (Miss. 1996) (emphasis added).

¶13. In *Boykin v. Alabama*, 395 U.S. 238 (1969), the U.S. Supreme Court held that the record must contain an "affirmative showing" that the defendant's guilty plea was intelligent and voluntary. *Id*. at 242. Due to the nature of a guilty plea, which acts as both an admission of every element of the charge and as a verdict, the Court held that the prosecution must "spread on the record the prerequisites of a valid waiver. . ." *Id*. "'Presuming waiver from a silent record is impermissible.'" *Id*. (*quoting Carnley v. Cochran*, 369 U.S. 506, 516 (1962)).

Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. . . . Second, is the right to trial by jury. . . . Third, is the right to confront one's accusers. . . . **We cannot presume a waiver of these three important federal rights from a silent record**.

*Id*. at 243 (citations & footnote omitted) (emphasis added).

¶14. A silent record is what we have in this case. By neglecting to include in the record the bench conference which the State purports included a review of the elements of sexual battery, the prosecution failed to satisfy the constitutional safeguards required for a knowing and voluntary guilty plea. Without the benefit of a transcript of the bench conference, we should not presume that the trial court informed Gazzier of the elements of sexual battery. We should not decline in this case to apply our own long-standing rule requiring the trial court to advise the defendant of the critical elements of the crime with which he is charged.

> It is not enough to ask an accused whether counsel has explained his constitutional rights. Nor is a standardized petition to enter a plea sufficient standing alone. The court must go further and determine in a face-to-face exchange in open court that the accused knows and understands the rights to which he is entitled. . . .

*Nelson v. State*, 626 So. 2d 121, 126 (Miss. 1993). The lack of such a face-to-face discussion by the trial judge of the elements of the crime in this case requires reversal and remand for an evidentiary hearing. *See* ***State v. Pittman**, 671 So. 2d 62, 65 (Miss. 1996)*; *Wilson v. State*, 577 So. 2d 394, 397 (Miss. 1991).

¶15. Neither does the record in this case support a finding of harmless error. In *Gaskin*, we held that the trial court's failure to advise the defendant of the elements of the charged offense was harmless error where the record supported a finding that prior to pleading guilty, the defendant was advised by another source of the critical elements of the crime. *Gaskin*, 618 So. 2d at 107. Such is not the case here. Throughout the hearing, the attorneys and the trial judge were confused as to whether the element of penetration must be proven for one to be convicted of sexual battery. There is no evidence that Gazzier was ever correctly informed of the elements of the charge against him. As a result, the record lacks proof that Gazzier's guilty plea was knowing and voluntary. I would reverse the trial court's denial of post-conviction relief and remand this case to the Harrison County Circuit Court for an evidentiary hearing on the issue of the voluntariness of Gazzier's guilty plea.

## McRAE, J., JOINS THIS OPINION.

1. Gazzier also argues that the trial judge erred in failing to personally address him in order to determine whether he understood the nature and consequences of his plea, as required by Uniform Circuit and County Court Rule 8.04(A)(4)(b). The record indicates, however, that the trial judge did, in fact, personally address Gazzier throughout the guilty plea hearing, and the judge clearly explained the nature and consequences of the guilty plea to Gazzier.