936 So.2d 993 (2006)
Douglas JONES, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-01702-COA.
Court of Appeals of Mississippi.
August 22, 2006.
*994 Douglas Jones, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before LEE, P.J., SOUTHWICK and ISHEE, JJ.
SOUTHWICK, J., for the Court.
¶ 1. Douglas Jones pled guilty to the crime of sexual battery in 2004. The next year he filed for post-conviction relief. He claims that his plea was not voluntarily and knowingly entered. We agree that there is some question as to whether he knowingly entered his plea. We remand for a hearing.

FACTS
¶ 2. On April 10, 2003, Jones was indicted by a Marshall County grand jury for the crime of sexual battery of a minor under the age of fourteen. The victim was his then-ten-year-old biological daughter. She said that Jones had raped her. The victim's mother took the victim to a physician due to worrisome symptoms. A physician confirmed that the victim had contracted a sexually transmitted disease. Jones suffered from this sexually transmitted disease at the time of the incident. On May 19, 2004, Jones pled guilty to sexual battery. The circuit court accepted Jones's guilty plea and sentenced Jones in accordance with the recommendation of the prosecution. Jones was sentenced to twenty years imprisonment, fifteen years suspended, three years of post-release supervision, registration as a sex offender, and court costs.
¶ 3. On May 13, 2005, a little less than a year later, Jones filed for post-conviction relief. His claims concern what he was told at the guilty plea hearing, what he otherwise knew concerning his rights, and the details of the charged crime. The trial judge found that the motion should be disposed of without requiring a response from the State or having a hearing. All relief was denied. Jones's appeal has been deflected to this Court.

DISCUSSION

ISSUE 1: Validity of Guilty Plea
¶ 4. Jones argues that his guilty plea was not voluntarily, knowingly, and intelligently entered because he was not informed of the elements of the charge. Before we review the evidence, we will seek clarity in understanding what the constitutional requirements for a plea entail.
¶ 5. A guilty plea is not valid unless it is made "with sufficient awareness of the relevant circumstances and likely consequences." Bradshaw v. Stumpf, 545 U.S. *995 175, 125 S.Ct. 2398, 2405, 162 L.Ed.2d 143 (2005) (quoting Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). The "Constitution insists" that a plea be entered in this manner because a defendant, by pleading guilty, foregoes fundamental constitutional guarantees. United States v. Ruiz, 536 U.S. 622, 629, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002).
¶ 6. The objective of this standard is to satisfy the due process requirement that a defendant receive "real notice of the true nature of the charge against him." Bousley v. United States, 523 U.S. 614, 618, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (quoting Smith v. O'Grady, 312 U.S. 329, 334, 61 S.Ct. 572, 85 L.Ed. 859 (1941)). At the hearing accepting a guilty plea, a trial court must assure itself that a defendant understands the nature and elements of the crime for which he is admitting guilt. Stumpf, 125 S.Ct. at 2405 (citing Henderson v. Morgan, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976)). A court accepting a guilty plea does not have to explain the crime's elements to the defendant on the record, as it is also sufficient if "the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel." Stumpf, 125 S.Ct. at 2405.
¶ 7. In Stumpf, the defendant's attorneys made a representation on the record that they explained the elements of the crime to the defendant. Id. The defendant then confirmed that what the attorneys had said was true. Id. The Supreme Court opinion is not explicit that this was done in open court instead of in writing, but the district court opinion described the plea hearing in detail. The district judge "engaged petitioner and his attorneys in a colloquy" that evoked assurances by the attorneys that they had informed the accused of the elements of the offense and his defenses. Stumpf v. Anderson, No.C-1-96-668, 2001 WL 242585, at *15 (S.D.Ohio Feb.7, 2001). The Court of Appeals opinion determined that these assurances were inadequate:
[The defendant's] attorneys represented to the court that they had explained to Stumpf the elements of the crime, their own arguments to the court during the plea colloquy and the evidentiary hearing to establish a factual basis for the plea refute the typical presumption that defense counsel have fully and adequately explained all elements of a crime to a client before he pleads guilty. Indeed, defense counsel's representations to the court either betray their own ignorance of the intent element of aggravated murder, or represent a woefully inadequate understanding of the meaning of a guilty plea. Finally, the plea colloquy itself, along with Stumpf's statements to the court through all stages of the proceedings, demonstrates Stumpf's unwillingness to admit to intent.
Stumpf v. Mitchell, 367 F.3d 594, 601 (6th Cir.2004), rev'd sub nom. Bradshaw v. Stumpf, 545 U.S. 175, 125 S.Ct. 2398, 162 L.Ed.2d 143 (2005). The circuit court found that despite the assurances by counsel that their client knew the nature and elements of the charge, other comments by them "betrayed" those assurances.
¶ 8. With this background, the Supreme Court in Stumpf made these relevant comments:
In Stumpf's plea hearing, his attorneys represented on the record that they had explained to their client the elements of the aggravated murder charge; Stumpf himself then confirmed that this representation was true. . . . While the court taking a defendant's plea is responsible for ensuring "a record adequate for any review that may be later sought," Boykin *996 v. Alabama, 395 U.S. 238, 244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), we have never held that the judge must himself explain the elements of each charge to the defendant on the record. Rather, the constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel. Cf. Henderson, supra, at 647, 96 S.Ct. 2253 (granting relief to a defendant unaware of the elements of his crime, but distinguishing that case from others where "the record contains either an explanation of the charge by the trial judge, or at least a representation by defense counsel that the nature of the offense has been explained to the accused"). Where a defendant is represented by competent counsel, the court usually may rely on that counsel's assurance that the defendant has been properly informed of the nature and elements of the charge to which he is pleading guilty.
Stumpf, 125 S.Ct. at 2405-06.
¶9. Stumpf requires an affirmative showing on the record that either counsel or the trial judge explained the elements of the crime to the defendant. The trial judge's explanation will naturally appear in any transcript of the hearing. In Stumpf itself, counsel's assertions that the crime was explained to the accused were also orally made at the hearing and transcribed. As we will explain, our issue is whether other means of making an affirmative representation will suffice.
¶10. At Jones's guilty plea hearing, the trial judge did not explain the elements of the offense. The prosecutor was not asked to summarize the evidence that would be shown or otherwise give a factual basis for the offense. The indictment specifies the victim, the date the incident took place, the elements of the indicted charge, and the minimum and maximum penalties for the crime.
¶ 11. The petition Jones filed to enter his guilty plea contains the following relevant language:
I plead guilty to the charge(s) of Sexual Battery as set forth in the indictment in this cause number.
My lawyer had advised me of the nature of the charge(s) and the possible defenses that I may have to the charges(s). I understand that by pleading guilty I am admitting that I did commit the crime charged in the indictment. . . .
My lawyer has advised me of the elements of the charge to which I am pleading. I submit that all the elements are proven by [the] true facts. Therefore, I am guilty and ask the Court to accept my plea of guilty.
¶ 12. The judge when accepting the plea examined Jones to ensure that he had reviewed the petition to plead guilty with his attorney and that the signature on the petition was authentic. The court neither referred to the elements of the crime nor asked counsel whether he had explained the elements to Jones. The court made reference to the petition and the petition made reference to the indictment, but there was never any specific assurance that the elements of the crime were explained to Jones. The petition does not summarize the elements of the crime.
¶ 13. The last page of the petition Jones filed was signed by Jones and his counsel. The signature of Jones appears below the phrase, "Signed by me in the presence of my lawyer, this the ___ day of May, 2004." The signature of counsel appears after the following statement:
As attorney for this Defendant, I certify that I have on the above date discussed *997 all the contents of the foregoing petition with said defendant and I am satisfied that the defendant fully understands the same and that the defendant executes said petition knowingly and voluntarily.
Though the form petition was not sworn to and subscribed before a notary public, Jones was under oath when he told the court that he signed the petition and agreed with its contents. So this incorporation of the assertions in the petition into Jones's sworn statements at the hearing makes the petition effectively sworn. The plea petition is the only evidence in this record that Jones received an explanation of the nature and elements of the charge, but it does not list the elements.
¶ 14. Our question then is whether this "record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel." Stumpf, 125 S.Ct at 2405. More specifically, may "counsel's assurance that the defendant has been properly informed of the nature and elements of the charge to which he is pleading guilty" (id. at 2406) be shown by form language in a plea petition, that is not confirmed by questioning in the hearing and appears on a petition in which the elements of the offense are not stated?
¶ 15. The Mississippi Supreme Court has yet to consider the effect of Stumpf. The Court has analyzed the authority on which Stumpf relied, Henderson v. Morgan, in holding that before a guilty plea can be valid, the defendant must know the elements of the crime. There are expert commentators on criminal procedure who found Henderson lacking in clarity in resolving the twin issues of which elements were critical and the necessary manner of notifying a defendant of these critical elements. WHITEBREAD & SLOBOGIN, CRIMINAL PROCEDURE, 641-42 (1993). Stumpf may have sought to remove some of the ambiguities.
¶ 16. Shortly after Henderson, the Mississippi Supreme Court held that in order for a guilty plea to be valid, it is essential "that an accused have knowledge of the critical elements of the charge. . . ." Gilliard v. State, 462 So.2d 710, 712 (Miss.1985) (citing Henderson, 426 U.S. 637, 96 S.Ct. 2253). In Gilliard, the defendant entered a guilty plea and the trial court orally reiterated all of the elements of the crime to ensure the defendant understood the crime for which he was admitting guilt. Gilliard, 462 So.2d at 712-13. That sort of compliance with the requirements did not occur here.
¶ 17. The Mississippi Supreme Court has also upheld a guilty plea when the information that was filed specified the elements of the crime and the defendant signed a petition that restated the charges in the information and certified that the defendant received a copy of the information. Gaskin v. State, 618 So.2d 103, 107 (Miss.1993). The Court, after quoting language in Gilliard which relied on Henderson, stated that the objective of ensuring a defendant is explained the elements of a crime prior to entering a guilty plea is to ensure "an intelligent assessment by the defendant of: (1) whether he has in fact done anything wrong under the law, and (2) the likelihood that he stands to be convicted if he exercises his right to a jury trial." Gaskin, 618 So.2d at 107. The Court held that failure of the trial court to advise the defendant of the elements was harmless error where the defendant was advised by other sources about the critical elements of the crime. Id. at 108. These facts are similar to those at Jones's guilty plea hearing, but the Gaskin decision did not have the benefit of the Stumpf requirement that the "record accurately reflects that the nature of the charge and the *998 elements of the crime were explained to the defendant" by his counsel or by the court. Stumpf, 125 S.Ct. at 2405-06.
¶ 18. The Court has followed a rule that "the failure of the trial court to advise the defendant of the elements of the charge may be harmless error if it can be shown that prior to the plea the defendant had been advised through other sources of the critical elements of the crime with which he is charged." Carter v. State, 775 So.2d 91, 97 (Miss.1999) (citing Gaskin v. State, 618 So.2d 103, 107 (Miss.1993)). In Carter, a guilty plea was accepted and Carter appealed his conviction arguing ineffective assistance of counsel and that there was not a sufficient factual basis to support the crime. The Court found that Carter understood the charges against him and relied on the facts that the original indictment and subsequent information outlined the elements of the crime. Carter, 775 So.2d at 91. Carter testified that he and his attorney, William Bambach, had fully discussed the situation, and Bambach himself testified that he had fully discussed all of the factors of the case with Carter. Id. at 97-98. The Court also noted that "in some case, the charging papers may be sufficient to inform the defendant of the elements of the crime with which he is charged." Id.
¶ 19. We find these precedents, all of which predate Stumpf, to be of limited application to the issue before us. We cannot conclude, based on the emphasis in Stumpf that the record should affirmatively reflect the defendant's knowledge, that it is sufficient that the boilerplate language in a plea petition include a statement that the elements of the offense were explained to the accused, especially when the elements are not set out on the petition and the assurance is just one of many on the form. The United States Supreme Court was not adding a requirement of notice of the elements of the offense to a meaningless checklist, compliance to be noted in any manner no matter how subjectively uncertain. Stumpf requires a reliable indication that the defendant has had the elements of his offense explained. To the extent standard forms are used for guilty pleas, the trial judges who take the pleas should assure that the record at the hearing reveals the accuracy of a form statement that the elements were explained. The forms to some extent are a back-up to matters that a trial judge might overlook. Stumpf is not the first judicial precedent to imply that the judge taking the guilty plea also needs a checklist to assist in questioning the accused. On that checklist should be assurances on the elements of the offense.
¶ 20. Our view of the importance of Stumpf suggests that we are finding two tiers to the requirements of notice at a guilty plea hearing. Certain knowledge must be clearly explained at the hearing the record must "accurately reflect" the accused's knowledge. Other matters such as the minimum and maximum sentences for an offense might be proved in lesser ways. We do not find it advisable to address all the implications of our interpretation of Stumpf. The state supreme court will make the binding interpretations, so restraint at this intermediate court is always in order. We are holding that since the United States Supreme Court has focused on the accuracy of the record in the explanations given a defendant on the specific elements of what the State has accused him or her of doing, that we will require the same heightened focus by the trial judge.
¶ 21. Not addressed directly by the motion but which we raise as a simple matter of the due process requirements related to the preceding principles is that, a factual basis for the crime must be presented *999 in some manner at a guilty plea hearing. This hearing did not include any explanation by anyone as to the facts underlying the crime. In order for a plea to be accepted, the record must contain "enough that the court may say with confidence the prosecution could prove the accused guilty of the crime charged." Corley v. State, 585 So.2d 765, 767 (Miss.1991).
¶ 22. We elaborated on our understanding of the "factual basis" requirement:
Uniform Circuit and County Court Rule 8.04(A)(3) requires that a court determine that "there is a factual basis for the plea." Mississippi case law does not require that a defendant admit every aspect of a charge against him. Instead, a guilty plea may be considered valid even though the defendant makes only a "bare admission of guilt," so long as the trial court delves beyond that admission and determines for itself that there is substantial evidence that the defendant actually committed the crimes charged. Gaskin v. State, 618 So.2d 103, 106 (Miss.1993).
Ray v. State, 876 So.2d 1032, 1035 (Miss. Ct.App.2004). The factual basis can come from an "independent evidentiary suggestion of guilt." Id.
¶ 23. The motion for relief was denied simply on the pleadings. We reverse and remand for a hearing as to whether Jones actually had the elements of the offense explained to him prior to the time that he pled guilty, and whether there was a factual basis for the plea.

ISSUE 2: Proper Indictment
¶ 24. Jones challenges the indictment as not properly establishing the elements of his offense. Jones was indicted for the crime of sexual battery. Miss. Code Ann. § 97-3-95(1)(d) (Rev.2000). A person is guilty under this section if he engages in sexual penetration with a child under the age of fourteen, if the accused person is twenty-four or more months older than the child. Id. Jones argues that the indictment should have stated that the penetration was knowingly or intentionally committed. Sexual battery is not a specific intent crime and thus the indictment need not refer to a specific intent. Johnson v. State, 626 So.2d 631, 632 (Miss. 1993). The indictment is valid.

ISSUE 3: Other alleged defects in guilty plea
¶ 25. Jones alleges that his counsel was ineffective, that parole eligibility was misdescribed, and he was not told the sentence range for the offense and of his right against self-incrimination.
¶ 26. The record better reflects that Jones was notified of the minimum and maximum sentence for the indicted charge than it does that he knew the elements of the offense. Unlike the conclusory statement in the petition that "my lawyer has advised me of the elements of the charge," the petition stated that the maximum punishment for the offense was life imprisonment and the minimum was twenty years. Jones, at the guilty plea hearing, was told by the trial judge that if he went to trial he had the right not to testify; if he instead pled guilty, the right against self-incrimination would be one of the rights that he would be waiving. Jones stated that he understood.
¶ 27. There is no indication at the guilty plea hearing nor in the motion filed for post-conviction relief that Jones was misguided regarding his eligibility for parole. The plea petition makes generic references to parole, and sets out that depending on the crime and the dates of the offense, parole may not be available. The plea petition states that "if I am sentenced for a sex crime, I will not be released on parole until I have been examined by a *1000 psychiatrist." Moreover, we do not find that he made this argument below. Jones may not raise on appeal an issue not presented to the trial court. Foster v. State, 716 So.2d 538, 540 (Miss.1998).
¶ 28. The issue of effectiveness of counsel's assistance is raised simply by general allegations of steps that the counsel should have taken for a more thorough investigation. Since we are ordering a hearing on remand, such issues may be addressed at that time.
¶ 29. THE JUDGMENT OF THE CIRCUIT COURT OF MARSHALL COUNTY IS REVERSED AND THE CAUSE IS REMANDED FOR A HEARING. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARSHALL COUNTY.
LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR. KING, C.J., CONCURS IN RESULT ONLY. IRVING AND BARNES, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION.