# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01415-COA

**DARRELL SHOEMAKE**                                                **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/18/2015 |
| TRIAL JUDGE: | HON. WILLIAM R. BARNETT |
| COURT FROM WHICH APPEALED: | COVINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BRANDON LARUE BROOKS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: KAYLYN HAVRILLA MCCLINTON |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POSTCONVICTION RELIEF DENIED |
| DISPOSITION: | AFFIRMED - 06/06/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE LEE, C.J., BARNES AND WESTBROOKS, JJ.

### LEE, C.J., FOR THE COURT:

¶1. Darrell Shoemake appeals the Covington County Circuit Court's denial of his motion for postconviction relief (PCR). On appeal, Shoemake claims: (1) his guilty plea was entered involuntarily; and (2) his trial counsel was ineffective. Finding his motion is time-barred and without merit, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. On February 13, 2009, Shoemake pled guilty in the Covington County Circuit Court to sexual battery for his sexual relationship with a seventeen-year-old National Guard recruit while he was employed as a National Guard recruiter. Shoemake was sentenced to seven

years, with two years to serve in the custody of the Mississippi Department of Corrections (MDOC) and five years of postrelease supervision. Shoemake was also required to register as a sex offender. Shoemake filed a motion for PCR on May 29, 2013, and the trial court denied his motion on the merits and as time-barred under the three-year statute of limitations.

## STANDARD OF REVIEW

¶3. A circuit court's denial or dismissal of a PCR motion is reviewed for abuse of discretion, and we will only reverse the circuit court if its decision is clearly erroneous. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012). However, we review the trial court's legal conclusions under a de novo standard of review. *Id.*

## DISCUSSION

### I. Time-bar

¶4. Mississippi Code Annotated section 99-39-5(2) (Rev. 2015) provides "[a] motion for relief under this article shall be made[,] . . . in [the] case of a guilty plea, within three . . . years after entry of the judgment of conviction." Shoemake's judgment of conviction was entered on February 13, 2009. Shoemake did not file his PCR motion until May 29, 2013, over four years after his judgment of conviction.

¶5. Shoemake made no attempt to challenge the limitation period and failed to demonstrate he met an exception listed in the statute. Therefore, the trial court properly dismissed Shoemake's PCR motion because it was untimely.

### II. Involuntary Guilty Plea

¶6. Notwithstanding the time-bar, Shoemake has not shown he entered his guilty plea involuntarily. Shoemake argues that he was not informed of the elements of the sexual-

2

battery charge and that there was no factual basis for the plea.

¶7.     Shoemake relies on *Jones v. State*, 936 So. 2d 993, 1000 (¶23) (Miss. Ct. App. 2006), where this Court reversed a trial court's denial of a PCR motion because the record did not adequately demonstrate the defendant had knowledge of the elements of sexual battery.  In *Jones*, the defendant pled guilty to sexual battery of his ten-year-old daughter.  *Id.* at 994 (¶2).  The defendant later challenged the validity of his guilty plea, arguing that it was entered involuntarily because he was not informed of the elements of the charge.  *Id.* at (¶4). Finding the record in *Jones* did not adequately establish the defendant's knowledge of the elements of his charge, this Court reversed and remanded for a hearing to determine whether the elements were explained to the defendant prior to his plea.  *Id.* at 1000 (¶23).

¶8.     The record in this case is factually different from *Jones*.  The plea-hearing transcript affirmatively demonstrates that the trial court ensured Shoemake had knowledge of the elements of sexual battery.  The trial court specifically questioned Shoemake about whether his attorney explained the charge to him.  Shoemake replied that his attorney did explain the charge, and Shoemake informed the court that he understood it.

¶9.     Further, this Court in *Timmons v. State*, 176 So. 3d 168, 172 (¶13) (Miss. Ct. App. 2015), held there are a variety of ways to establish a factual basis to support a guilty plea, including an "actual admission" of the defendant and, if sufficiently specific, "an indictment or information can be used as the sole source of the factual basis for a guilty plea." Shoemake admitted guilt on two occasions: once in his guilty-plea petition and again at his plea hearing.  Further, the trial court had the indictment read aloud, which included each

3

element of Shoemake's charge. In addition, the State showed how it would prove its case had it gone to trial. At no point did Shoemake contest any statements made during his plea hearing. This issue is without merit.

### III. Ineffective Assistance of Counsel

¶10. Notwithstanding the time-bar, Shoemake's second argument on appeal asserts ineffective assistance of counsel when entering his plea. To succeed on an ineffective-assistance-of-counsel claim, a defendant must show that the attorney's performance "fell below an objective standard of reasonableness" and that because of the deficient performance, the defense was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. There is a strong presumption that counsel's performance fell "within a wide range of reasonable professional assistance." *Id.* at 689.

¶11. Although Shoemake informed the trial court during his plea hearing that he had no complaints about his attorney, Shoemake argues on appeal that his attorney failed to: (1) inform him he would have to serve a two-year sentence; (2) sufficiently investigate the facts, physical evidence, and defenses; (3) prevent Shoemake from pleading guilty despite a lack of factual basis for the charge; (4) explain the elements of statutory rape; (5) "advise him as to the age of consent"; and (6) file a motion for discovery. First, the record shows that Shoemake knew not only that he was facing at least a two-year sentence but that he could potentially receive a thirty-year sentence. Further, the record shows Shoemake knew he was

4

required to register as a sex offender upon his release from prison.

¶12. Shoemake's second, third, fourth, and fifth challenges concerning the facts of his case also fail because, even if his attorney's conduct fell below a reasonableness standard, Shoemake has not shown his case would have ended differently. *Strickland*, 466 U.S. at 694. "In the context of guilty pleas, this means the defendant must show that, were it not for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Thomas v. State*, 175 So. 3d 525, 532 (¶21) (Miss. Ct. App. 2015) (citing *Burrough v. State*, 9 So. 3d 368, 375 (¶22) (Miss. 2009)). Shoemake admits in his guilty-plea petition that he did in fact have a sexual relationship with a minor, and that he understood the matters set forth in the indictment identifying him as a person in a position of authority and trust over the victim. He now challenges the "facts" about whether the victim was emancipated and had the ability to consent, and whether he was in a position of authority or trust over the victim. The sexual-battery statute makes no exception for emancipated minors, and the list of positions of authority and trust is without limitation. Miss. Code Ann. § 97-3-95(2) (Rev. 2014). Shoemake has failed to demonstrate that had his attorney informed him of these "facts," he would not have pled guilty.

¶13. Lastly, Shoemake argues his attorney was ineffective for failing to file a motion for discovery as well as a motion for a psychiatric evaluation and a motion to dismiss. Shoemake argues that a motion for discovery would have ascertained "the exact nature and quality of any and all physical evidence in existence." However, the Mississippi Supreme Court has held that "the filing of [pretrial] motions is within the bounds of trial strategy and

5

the mere fact that an attorney did not file a motion for discovery is not sufficient to raise an ineffective-assistance-of-counsel claim." *Giles v. State*, 187 So. 3d 116, 121 (¶17) (Miss. 2016) (citing *Ivy v. State*, 589 So. 2d 1263, 1265 (Miss. 1991)). Shoemake's ineffective-assistance-of-counsel claim is also without merit.

¶14. **THE JUDGMENT OF THE COVINGTON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**