734 So.2d 234 (1999)
William L. AUSTIN a/k/a Lavelle Austin, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-CP-00272 COA.
Court of Appeals of Mississippi.
January 26, 1999.
Appellant, pro se.
Office of the Attorney General by Deirdre McCrory, Attorney for Appellee.
EN BANC.
*235 KING, J., for the Court:
¶ 1. On August 2, 1993, William Austin entered a plea of guilty to manslaughter. On May 10, 1996, he filed a motion to vacate his conviction and twenty year sentence pursuant to the Mississippi Post-Conviction Relief Act, Miss.Code Ann. § 99-39-5(a), (e) and (f). The circuit court dismissed the motion and denied all relief sought by Austin. Aggrieved by the court's dismissal, Austin has now appealed and assigned four (4) points of error. This Court quotes these alleged errors verbatim:
(1) THE CONVICTION AND SENTENCE WAS IMPOSED IN VIOLATION OF THE CONSTITUTION OF THE UNITED STATES AND/OR CONSTITUTION AND LAWS OF MISSISSIPPI.
(2) THERE EXISTS EVIDENCE OF MATERIAL FACTS, NOT PREVIOUSLY PRESENTED AND HEARD, THAT REQUIRES A VACATION OF THE CONVICTION AND SENTENCE IN THE INTEREST OF JUSTICE WHERE THERE WAS NO FACTUAL BASIS FOR THE PLEA AND WHERE COUNSEL FAILED TO DISCLOSE FACTS THAT PETITIONER ACTED IN SELF DEFENSE.
(3) PETITIONER'S PLEA OF GUILTY IS INVOLUNTARY WHERE HE WAS NOT ADVISED BY COUNSEL OR TRIAL JUDGE THAT THE CHARGE HE WAS PLEADING GUILTY TO CARRIED A MINIMUM SENTENCE OF AT LEAST ONE YEAR IN PRISON.
(4) THE AMENDMENT TO THE INDICTMENT AFTER THE PLEA OF NOT GUILTY TO MURDER WAS UNCONSTITUTIONAL.
¶ 2. Finding error in the trial court's failure to find a factual basis for Austin's plea, and to inform Austin of the elements of and minimum sentence for manslaughter, this Court reverses the trial court's denial of post-conviction relief, vacates the guilty plea and remands for a trial.

FACTS
¶ 3. On June 1, 1992, Austin was charged with murder. By agreed motion on August 2, 1993, this charge was reduced to manslaughter. On the same day, Austin pled guilty to manslaughter and the circuit court sentenced him to serve a term of twenty years. On May 10, 1996, three months from being time barred by the three year statute of limitation for filing motions for post-conviction relief, Austin filed a motion to vacate his conviction and sentence. The Monroe County Circuit Court dismissed this motion. Austin timely appeals from the trial court's order dismissing the motion.

DISCUSSION
¶ 4. On August 2, 1993, a guilty plea and sentencing hearing was held. The following colloquy, in pertinent part, was held between the court and Austin:
Q: William Lavell Austin?
A: Yes, sir.
Q: Mr. Austin, the Court has before it an agreed motion to reduce the charge in cause number CR92-068 in the Circuit Court of Monroe County, Mississippi. You were indicted and charged with murder. The motion moves the Court to reduce that charge from murder to manslaughter. An order will be entered reducing that charge. You have indicated that you desire to plead guilty to that reduced charge of manslaughter. Is that correct?
A: Yes, sir ...
Q: Mr. Austin, you were originally charged with murder. That charge has been reduced to manslaughter. The reduction takes away the element of aforethought. The indictment alleges that on the 31st of January, 1991, in Monroe County, Mississippi, you killed Ashley Ford, a human being. The indictment originally alleged that it was with malice *236 aforethought. That element has been removed. So it is now a manslaughter charge that you killed this individual without authority of law, but without malice aforethought. Do you understand that charge?
A: Yes, sir.
Q: Did you do it? Did you commit that offense?
A: Yes, sir.
Q: Do you understand the maximum sentence the court may impose upon you is a term of 20 years on this manslaughter plea, a fine in the amount of ten thousand dollars, court cost and restitution, if any? Do you understand that?
Q: Yes, sir.
¶ 5. After asking further questions, the trial court accepted the plea and sentenced Austin to serve a term of twenty years.

I.
¶ 6. Austin contends that the trial court did not have a factual basis upon which to accept his guilty plea.

Law
¶ 7. "[A] factual basis is an `essential part of the constitutionally valid and enforceable decision to plead guilty'. This factual basis cannot simply be implied from the fact that the defendant entered a plea of guilty. Rather, there must be an evidentiary foundation in the record which is `sufficiently specific to allow the court to determine that the defendant's conduct was within the ambit of that defined as criminal'. Unless courts are satisfied that such a factual basis exists, they are admonished not to enter judgment on a plea of guilty." Lott v. State, 597 So.2d 627, 628 (Miss.1992) (citations omitted).
¶ 8. Further, "[a] factual showing does not fail merely because it does not flesh out the details which might be brought forth at trial." Gaskin v. State, 618 So.2d 103, 106 (Miss.1993). "Rules of evidence may be relaxed at plea hearings. Fair inference favorable to guilt may facilitate the finding. In the end ... there must be enough that the court may say with confidence the prosecution could prove the accused guilty of the crime charged, that the defendant's conduct was within the ambit of that defined as criminal. That factual basis may be formed by any facts presented before the court or otherwise in the record before the court." Id.

Analysis
¶ 9. A review of the guilty plea transcript reveals that the trial court did not inquire of Austin regarding the factual circumstances surrounding his plea of guilty to manslaughter. The trial court inquired whether Austin, in fact, committed the crime, to which Austin responded positively. However, no factual basis was otherwise established upon which the court could place the defendant's conduct "[w]ithin the ambit of that defined as criminal." Gaskin, 618 So.2d at 106. "Only his bare admission of guilt [can] be said to bear on a factual basis for [Austin's] plea." Id.
¶ 10. This Court must review the record as a whole to determine whether a factual basis existed to support the plea. Id. In Gaskin, the record contained affidavits and a signed guilty plea petition which established a factual basis to support that defendant's crime of murder and armed robbery. Unlike Gaskin, nothing contained in the record in the instant case provides similar support for acceptance of Austin's guilty plea.

II.
¶ 11. Austin contends that the trial court failed to inform him of the elements and the minimum sentence to be served for manslaughter.

Law

Trial Court's Failure to Inform of Elements of Manslaughter
¶ 12. "It is essential that an accused have knowledge of the critical elements of the charge against him, that he fully understand the charge, how it affects him, *237 the effects of a guilty plea to the charge, and what might happen to him in the sentencing phase as a result of having entered the plea of guilty." Gaskin v. State, 618 So.2d at 107.

Trial Court's Failure to Inform of Minimum Sentence
¶ 13. "[I]t is the duty of the trial court to address the defendant personally and to inquire and determine ... that the accused understands ... the maximum and minimum penalties provided by law." U.R.C.C.C. 8.04(A)(4)(b).

Analysis
¶ 14. A review of the record also reveals that the trial court failed to fully inform Austin of the elements of manslaughter and the minimum sentence to be served. This Court agrees that manslaughter lacks the crucial element of malice aforethought. Taylor v. State, 452 So.2d 441, 443 (Miss.1984.) Austin was informed of this by the trial court. However, the precise elements of manslaughter applicable to Austin's actions, as stated in several statutes, i.e. Miss.Code Ann. §§ 97-3-17(b), 97-3-27, 97-3-29, 97-7-31, were not discussed. Further, nothing contained within the record, including the order which reduced the charge to manslaughter and the order which accepted Austin's guilty plea, listed the elements of manslaughter or the applicable statute.
¶ 15. Finally, this Court finds that although the trial court informed Austin of the maximum sentence that could have been served, it failed to inform him of the minimum sentence. No evidence before this Court suggested that Austin was made aware of the minimum sentence to be served.

III.
¶ 16. In conclusion, because the trial court failed to establish a factual basis for the plea and fully inform Austin of the elements and minimum sentence for manslaughter, we find the guilty plea to have been made involuntarily. U.R.C.C.C. 8.04(A)(3). This Court reverses the trial court's denial of post-conviction relief, vacates the plea and remands for a trial. Having reversed, vacated and remanded on these issues, this Court declines to address Austin's remaining issues.
¶ 17. THE JUDGMENT OF THE MONROE COUNTY CIRCUIT COURT DENYING POST CONVICTION RELIEF IS REVERSED. THE GUILTY PLEA TO MANSLAUGHTER IS VACATED AND THIS CAUSE IS REMANDED FOR TRIAL. COSTS OF THIS APPEAL ARE ASSESSED TO MONROE COUNTY.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., COLEMAN, DIAZ, PAYNE, and SOUTHWICK, JJ., CONCUR.
IRVING and LEE, JJ., NOT PARTICIPATING.