811 So.2d 317 (2001)
Latache LASTER a/k/a "Tache", Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-00920-COA.
Court of Appeals of Mississippi.
January 16, 2001.
*318 Richard Burdine, attorney for appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before McMILLIN, C.J., LEE, and PAYNE, JJ.
McMILLIN, C.J., for the Court:
¶ 1. Latache Laster was convicted of manslaughter by a jury in the Circuit Court of Lowndes County. She has appealed that conviction to this Court and presents four issues for consideration. Her appeal challenges the sufficiency of the evidence to prove her guilt. Alternatively, she claims that the verdict was against the weight of the evidence. Thirdly, Laster urges this Court to conclude that the trial court erred in granting a heat of passion manslaughter instruction. Finally, she claims reversible error in the trial court's refusal to grant her requested self-defense instruction. For reasons we will proceed to set out, we find these issues to be without merit and, therefore, we affirm the conviction and resulting judgment of sentence.

I.

Facts
¶ 2. There is little dispute over the fact that Laster and her victim, James Samuel, Jr., were engaged in a heated argument that degenerated into a physical altercation. During the course of the encounter, Laster produced a knife she had previously concealed on her person and stabbed Samuel in the heart, an injury that proved to be fatal. Laster was indicted for deliberate design murder; however, at trial the State asked for and was granted an alternative instruction that would permit the jury to convict for manslaughter.
¶ 3. Witnesses for the prosecution gave a version of events that tended to substantiate the State's theory that the stabbing was a purposeful act. Laster testified in *319 her own defense and claimed that she had produced the weapon only in an attempt to intimidate Samuel to prevent him from physically abusing her. Laster claimed that her victim accidentally fell on the knife after he persisted in his efforts to assault her. Thus, her defense appeared to be a blending of the propositions that the killing was in necessary self-defense or an accident.
¶ 4. The jury declined to convict Laster of murder, but returned a verdict of guilty of manslaughter.

II.

The First and Second Issues: The Quality of the State's Evidence
¶ 5. Laster purports to raise one issue concerning the adequacy of the State's evidence of guilt, but it is in fact a dual challenge. Laster claims that the evidence of guilt was insufficient as a matter of law to support a verdict of guilta proposition which, if found to have merit, would require this Court to reverse and render her conviction under constitutional principles of double jeopardy. Moore v. State, 755 So.2d 1276 (¶¶ 15-16) (Miss.Ct. App.2000). Alternatively, Laster argues that the evidence that she was acting in self-defense is so overwhelming that the jury's verdict is against the great weight of the evidence. If that argument is found to have merit, Laster's relief from this Court would be to have her conviction reversed and the matter remanded to the circuit court for possible retrial. Collier v. State, 711 So.2d 458 (¶ 12) (Miss.1998).
¶ 6. Laster's argument on both issues is identical. She claims simply that the evidence that she was acting in self-defense was so overwhelming that no verdict other than not guilty is appropriate. Whether considering a challenge to the sufficiency or to the weight of the evidence in an appeal from a criminal conviction, an appellate court must view the evidence in the light most favorable to the State and assume that, as to conflicting evidence, the jury sitting as fact-finders resolved that conflict in favor of the State. Holloman v. State, 656 So.2d 1134, 1142 (Miss.1995).
¶ 7. When looking at the sufficiency of the evidence, an appellate court may intercede only if it is satisfied that the State's evidence as to one or more of the critical elements of the crime was so lacking that a reasonable juror could only find the defendant not guilty. McClain v. State, 625 So.2d 774, 778 (Miss.1993). In this case, there was competent evidence from the State's witnesses that Laster provoked the physical confrontation and then used a previously-concealed weapon to inflict a fatal stab wound on her unarmed victim. While Laster presented evidence to support a contrary interpretation of the incident, that evidence came primarily through her own testimony. The jury, sitting as finders of fact, elected to accept the State's version of events, and it is not within the province of this Court to disregard that decision by imposing our own possibly different interpretation of the events. Burrell v. State, 613 So.2d 1186, 1192 (Miss.1993).
¶ 8. As to the claim that the verdict was against the weight of the evidence, Laster must convince this Court that, though there may have been evidence presented by the State consistent with her guilt, the great weight of the credible evidence points so strongly to the notion that she was acting in self-defense that an unconscionable injustice will occur if she is not granted a new trial. Mullins v. State, 493 So.2d 971, 976 (Miss.1986). We do not find Laster's own testimony so convincing, nor the State's evidence so unlikely, as to convince this Court that the jury's verdict *320 was against the great weight of the evidence.
¶ 9. Thus, we conclude that Laster's dual challenges to the State's evidence of her guilt are without merit.

III.

The Second Issue: A Manslaughter Instruction
¶ 10. Laster was indicted and tried for murder; however, the State requested an alternate instruction on heat of passion manslaughter. The trial court granted the instruction. The jury, as we have observed, chose not to convict of murder but returned a guilty verdict on the crime of manslaughter. It has long been the law in this State that a jury in a murder case may be instructed on and permitted to convict of the lesser crime of manslaughter so long as the facts are reasonably capable of being interpreted to support a manslaughter conviction. Clark v. State, 693 So.2d 927, 932 (Miss.1997). When the State proposed a manslaughter instruction in this case, Laster interposed no objection and now attempts to raise the impropriety of this instruction for the first time on appeal. This Court will not ordinarily put the trial court in error as to a matter that was not timely raised before that court for ruling. Crenshaw v. State, 520 So.2d 131, 134 (Miss.1988). In order to consider this issue, we would have to be of the view that the error was so obvious and so fundamentally affected the defendant's ability to obtain a fair trial that we ought to note it as plain error. See, e.g., Berry v. State, 728 So.2d 568(¶ 6) (Miss. 1999); State Highway Comm'n of Miss. v. Hyman, 592 So.2d 952, 957 (Miss.1991). On the facts of this case, we conclude that one reasonable interpretation of the facts could have been that Laster was provoked by the words and actions of her victim in the moments preceding the fatal stab wound to such an extent as to cast doubt on whether she stabbed in deliberate design or in the heat of passion. Based on this conclusion, we do not think questions of plain error are raised in the trial court's decision to instruct the jury on heat of passion manslaughter.

IV.

The Third Issue: The Defendant's Self Defense Instruction
¶ 11. The trial court gave a self-defense instruction that correctly set out the elements of self-defense. The manslaughter instruction informed the jury that the State had the burden to prove beyond reasonable doubt that Laster's actions in stabbing her victim were not in necessary self-defense. Having so instructed the jury, the court subsequently refused another instruction requested by the defense purporting to set out Laster's theory of self-defense. The court determined that this additional instruction was repetitive. Laster now claims that as error. For purposes of analysis, the requested but refused instruction is quoted as follows:
INSTRUCTION D-3
The Court instructs the Jury that a person is entitled under the law to defend oneself and to prevent crimes from being committed upon them. A person is justified in taking life in self-defense of their on [sic] person, where it is actually or apparently necessary to do so in order to repel a person who attempts to assault or offer personal violence to a person. A person must have reasonable grounds to apprehend that there was imminent danger of such being accomplished. It is for the Jury to determine the reasonableness of the Defendant's acts.

*321 Therefore, if you find from the evidence in this case that on May 17, 1998, that Latache Laster did stab and take the life of James Samuel, Jr., but only after suffering actual personal violence at the hands of James Samuel, Jr.; and further that James Samuel, Jr., did thereafter being kicked at and further threaten Latache Laster immediately before the fatal stab, then and in such events, if the Defendant Latache Laster was under reasonable apprehension of suffering further assault or personal violence, she was acting in the lawful defense of herself and you shall find the Defendant not guilty based on such findings by you.
¶ 12. That instruction contains no statement of the applicable law or guidance on applying the law to the particular facts of the case that the jury could not have gleaned from the more precise instructions on the subject that the court had already granted. So long as we are satisfied that the instructions, when considered as a whole, adequately instructed the jury on the appropriate issues of the case, we may not reverse even if we are satisfied that an additional instruction refused by the trial court may also have accurately stated the law. Chatman v. State, 761 So.2d 851(¶ 16) (Miss.2000). We find no error in the refusal of this instruction.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OF CONVICTION OF MANSLAUGHTER AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY. CHANDLER, J., NOT PARTICIPATING.