922 So.2d 43 (2006)
Edward Earl SMITH, Jr., Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-00230-COA.
Court of Appeals of Mississippi.
February 21, 2006.
*44 Edward Earl Smith, Jr., Appellant, pro se.
Office of the Attorney General by W. Daniel Hinchcliff, attorney for appellee.
EN BANC.
BARNES, J., for the Court.

SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 1. On May 6, 1998, Edward Earl Smith, Jr., was indicted for the crime of murder. Smith, through advice of counsel, requested re-arraignment on the lessor charge of manslaughter and ultimately entered a guilty plea to manslaughter on September 9, 1998, in the Circuit Court of Leake County. The trial court promptly *45 sentenced Smith to the maximum twenty-year sentence for the crime of manslaughter. On March 25, 2004, Smith filed his first post-conviction relief motion in the Circuit Court of Leake County. The trial court dismissed the first motion due to Smith's failure to state grounds for relief under Mississippi Code Annotated section 99-39-5 (Rev. 2000), and for Smith's failure to make a timely motion within the three-year statute of limitations outlined in Mississippi Code Annotated section 99-39-5(2). Smith filed a second motion for post-conviction relief on January 10, 2005, which the Circuit Court of Leake County dismissed as procedurally barred. Upon denial of this second motion, Smith appealed to this Court. Finding no error in the circuit court's denial of Smith's motion for post-conviction relief, we affirm.

STANDARD OF REVIEW
¶ 2. This Court reviews the trial court's denial of post-conviction relief under the "clearly erroneous" standard. Robinson v. State, 904 So.2d 203, 204(¶ 3) (Miss.Ct.App.2005) (citing Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999)). Therefore, this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. Questions of law, however, are reviewed de novo. Id.

ISSUES AND ANALYSIS

I. WHETHER THE TRIAL COURT ERRED IN FINDING THAT SMITH'S POST-CONVICTION RELIEF MOTION WAS PROCEDURALLY BARRED.
¶ 3. Smith recognized that absent an exception, his new motion for post-conviction relief is procedurally barred. In fact, there are two procedural bars applicable to this case. Smith pled guilty to the charge of manslaughter on September 9, 1998. According to section 99-39-5(2), "[a] motion for relief under this chapter shall be made ... in case of a guilty plea, within three (3) years after entry of the judgment of conviction." Smith filed his motion for post-conviction relief more than three years after the trial court accepted his plea of guilty and imposed the twenty-year sentence. Accordingly, his motion is untimely under section 99-39-5(2).
¶ 4. Secondly, Smith is procedurally barred from asserting his motion because it is successive. Under section 99-39-27(9) of the Mississippi Code Annotated (Rev. 2000), "[t]he dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this chapter." Having previously filed a motion for post-conviction relief, which was dismissed by the trial court, Smith may not file a second or a successive motion absent some exception to the procedural bar.
¶ 5. Excepted from both procedural bars are "cases in which the prisoner can demonstrate either that there has been an intervening decision in the Supreme Court of either the State of Mississippi or the United States which would have adversely affected the outcome of his conviction or sentence." See Miss.Code Ann. §§ 99-39-5(2), -27(9). Smith asserts that his second post-conviction relief motion is not procedurally barred because the United States Supreme Court decision in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), constitutes an intervening authority which would have affected the outcome of his case. We reject Smith's contention and find Smith's motion for post-conviction relief procedurally barred.
¶ 6. First, Smith cites no authority that Blakely should be applied retroactively to *46 this collateral review. The State cites Branch v. State, W2003-03042-CCA-R3-PC (*10), 2004 WL 2996894 (Tenn.Crim. App., Dec. 21, 2004) and Gerrish v. U.S., 353 F.Supp.2d 95, 96 (D.Me.2005), for the proposition that Blakely has not been held to apply retroactively on collateral review. The State's argument is well taken for the purposes of this case, as the overwhelming authority appears to hold that Blakely does not apply retroactively to cases on collateral review. See, e.g., State v. Febles, 210 Ariz. 589, 592, 115 P.3d 629 (Ariz.App. Div. 1 2005); State v. Houston, 702 N.W.2d 268, 271 (Minn.2005); State v. Evans, 154 Wash.2d 438, 448, 114 P.3d 627 (Wash.2005); McBride v. State, 884 So.2d 476, 478 (Fla. 4th Dist.Ct.App.2004). Therefore, Smith's contention that Blakely constitutes intervening authority is without merit as Blakely does not apply retroactively to Smith's case.
¶ 7. Secondly, the Blakely decision is clearly distinguishable from the instant case. At issue in Blakely was the trial court's statutory authority to determine enhancing factors without a jury. Blakely, 542 U.S. at 300, 124 S.Ct. 2531. The trial court in Blakely sentenced the defendant to ninety months' imprisonment, despite the fifty-three-month statutory limit imposed by Washington state law. Id. Therefore, by deciding whether an enhancing factor had been met, the Blakely trial judge deprived the defendant of his right to have a jury decide whether an enhancing factor was present. Id. at 303, 124 S.Ct. 2531. No such enhancement is at issue in the present case. Therefore, the Blakely decision could not affect the outcome of Smith's conviction or sentence. Other courts have consistently held that Blakely has no application where the sentence is within the statutory limitation. See, e.g., U.S. v. Green, 405 F.3d 1180, 1192-93 (10th Cir.2005); State v. Stover, 140 Idaho 927, 929-30, 104 P.3d 969 (Idaho 2005); People v. Nelson, 16 A.D.3d 1172, 1173, 791 N.Y.S.2d 236 (2005); State v. Curlis, WD-04-032 (18), 2005 WL 635025 (Ohio App. 6th Dist., March 18, 2005).
¶ 8. In the present case, Smith pled guilty to the lesser charge of manslaughter and received the maximum punishment allowed by Mississippi law for the crime under Mississippi Code Annotated section 97-3-25 (1972). The trial court did not exceed its sentencing authority under Mississippi law. Id. The trial court simply sentenced Smith to the maximum term allowed by law. Smith contends that had he known he had "a Sixth Amendment jury trial right to punishment phase," he would have gone to trial on the charge of murder. This argument is misplaced. Under Mississippi law, murder carries a mandatory sentence of life in prison. Miss.Code Ann. § 97-3-21 (Supp.1998). Therefore, had Smith not pled guilty to manslaughter and demanded to go to trial for murder, he still possessed no right for a jury to decide his sentence, as the sentence is mandatory. Smith forfeited no right to have a jury decide his sentence by pleading guilty to the lesser crime of manslaughter. Accordingly, we find that Blakely is not an intervening decision which would have affected the instant case.

II. WHETHER SMITH WAS AFFORDED EFFECTIVE ASSISTANCE OF COUNSEL.
¶ 9. Smith also asserts that he was not afforded effective assistance of counsel because his attorney failed to provide him with adequate information regarding the charge of manslaughter prior to his guilty plea. "Errors affecting fundamental constitutional rights may be excepted from procedural bars which would otherwise prohibit their consideration." Luckett v. State, 582 So.2d 428, 430 (Miss. 1991). However, in Bevill v. State, 669 *47 So.2d 14, 17 (Miss.1996), the Mississippi Supreme Court stated that:
It is conceivable that under the facts of a particular case, this Court might find that a lawyer's performance was so deficient, and so prejudicial to the defendant that the defendant's fundamental constitutional rights were violated. However, this Court has never held that merely raising a claim of ineffective assistance of counsel is sufficient to surmount the procedural bar.
Therefore, Smith's mere assertion of ineffective assistance is not enough to surmount the procedural bar. Accordingly, we must examine Smith's claim of ineffective assistance of counsel before determining whether it qualifies as an exception to the procedural bar.
¶ 10. The test for ineffective assistance of counsel was set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the Strickland standard, in order to demonstrate ineffective assistance of counsel, Smith must show "that his counsel's performance was so deficient as to constitute prejudice, and that but for the counsel's errors the outcome in the trial court would have been different." Covington v. State, 909 So.2d 160, 161-62(¶ 4) (Miss.Ct.App. 2005). In order to prevail on his claim of ineffective assistance of counsel, Smith would also have to overcome the "strong but rebuttable presumption that [his] attorney's performance falls within a wide range of reasonable professional assistance and that the decisions made by trial counsel are strategic." Id. at 162(¶ 4).
¶ 11. In the present case, Smith asserts that his counsel failed to inform him of the elements of the lesser charge of manslaughter, therefore depriving him of an informed guilty plea. However, Smith never specifically states any particular element in the charge of manslaughter that would have changed his decision to plead guilty to manslaughter. Smith vaguely asserts that he would have proceeded to trial on the charge of murder rather than plead guilty to manslaughter had he known the elements of manslaughter because the State would have been unable to prove the malice aforethought required in a murder charge. Again, we find Smith's argument to be misplaced. His complaint is that he did not fully appreciate the elements of the charge of murder, not manslaughter. Furthermore, under Laster v. State, 811 So.2d 317, 320(10) (Miss.Ct.App.2001), "a jury in a murder case may be instructed on and permitted to convict of the lesser crime of manslaughter so long as the facts are reasonably capable of being interpreted to support a manslaughter conviction." Smith fails to recognize that any potential jury considering the murder charge may well have also been instructed as to the lesser crime of manslaughter.
¶ 12. Smith admitted in his petition to plead guilty to manslaughter that "he hit Shevra Singleton in the heat of passion causing [her] death." Section 97-3-47 of the Mississippi Code states that "[e]very other killing of a human being, by the act, procurement, or culpable negligence of another, and without authority of law, not provided for in this title, shall be manslaughter." Smith has made no claim that he acted under the "authority of law" in killing Singleton. Therefore, Smith's unlawful killing of Shevra Singleton clearly meets all the elements outlined in section 97-3-47, and the jury would have been entitled to find him guilty of manslaughter on the record before us. We find no error in Smith's representation at the plea proceeding, much less any error so prejudicial to rise to the level required by Strickland and Bevill. Thus, Smith has failed to prove an exception to the procedural bar.

*48 III. WHETHER SMITH'S GUILTY PLEA TO THE CRIME OF MANSLAUGHTER WAS KNOWING AND INTELLIGENT.
¶ 13. Smith also claims that his guilty plea was not knowing and intelligent. Smith cites Austin v. State, 734 So.2d 234 (Miss.Ct.App.1999), for the proposition that a trial court's failure to enumerate each element of a lesser charge during the guilty plea renders the plea ineffective. However, in Austin, the defendant filed a timely motion for post-conviction relief. Id. at 235(¶ 1). The Court in that case expressly noted that had the motion been filed three months later, Austin's claim of an involuntary plea would have been procedurally barred. Id. (¶ 3). In Trotter v. State, 907 So.2d 397 (Miss.Ct.App.2005), this Court recognized that a claim of an involuntary guilty plea does not surmount the procedural bar. Id. at 402 (¶¶ 14-15) (citing Cole v. State, 608 So.2d 1313, 1319 (Miss.1992)). Therefore, Smith's claim is procedurally barred.

IV. WHETHER THE LOWER COURT ERRED IN RULING THAT SMITH MUST FORFEIT GOOD TIME CREDITS FOR PURSUING A FRIVOLOUS ACTION.
¶ 14. Smith's discontentment concerning the loss of good time credits is also without merit. Under Mississippi Code Annotated section 47-5-138 (Rev. 2005), the court may order forfeiture of good time credits upon a finding that the lawsuit is frivolous. The trial court below ruled that the present suit was frivolous; this Court will not disturb that finding as Smith's motion is procedurally barred.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF LEAKE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR.